O'BRIEN and FOLLETT, JJ., concurred

Judgment reversed and a new trial had before a referee to be appointed in the order to be entered hereon, with costs to the appellants to abide the event.

In the Matter of the Application of THE HOLLAND TRUST COMPANY, as Guardian, etc., Respondent, to Compel JOHN AITKEN, an Attorney, Appellant, to Pay Certain Moneys to the Said Company as Guardian.

*Charges of administration are debts of the administrator to be allowed him on his accounting.*

The charges of an administrator of an estate are primarily the personal debts of the administrator, and, if incurred properly for the benefit of the trust fund, they will be allowed to the administrator upon the settlement of his accounts.

APPEAL by John Aitken from an order made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 29th day of November, 1893, directing John Aitken to pay to the Holland Trust Company as guardian the sum of $150 and costs.

The petition in this matter alleged, among other things:

II. That on the 30th day of March, 1892, by an order of the Surrogate's Court of the county of New York, bearing date on said day, the said company (the petitioner) was, pursuant to the decree hereinafter mentioned, duly appointed the guardian of the estate of Lisette Georgi, an infant, and still continues to be such guardian.

III. That heretofore, on or about the 30th day of March, 1892, in a proceeding in the said Surrogate's Court entitled "In the Matter of the Judicial Settlement of the Accounts of Otto H. Georgi, as Guardian of the estate of Lisette Georgi, an infant under the age of

fourteen years, on application for the revocation of the letters of guardianship and appointment of a guardian of the estate of said infant to succeed the said Otto H. Georgi," etc., a decree was made by the said Surrogate's Court bearing date on said day, and filed and entered in the office of the surrogate of the said county on the said day, wherein and whereby the account of the said Otto H. Georgi, as guardian as aforesaid, was judicially settled and allowed as filed and adjusted, and the letters of guardianship of the person and estate of the said Lisette Georgi, infant, dated March 13, 1889, issued out of the said Surrogate's Court to the said Otto H. Georgi were revoked, and the said Holland Trust Company was appointed guardian of the estate of the said Lisette Georgi to succeed the said Otto H. Georgi in said guardianship. That the said decree contains the following, among other provisions :

" Ordered, adjudged and decreed as follows, viz. :

" That the said Otto H. Georgi pay the residue of the said balance so remaining in his hands, being the sum of five hundred and eighty-seven dollars and eighteen cents, into the court within ten days from date of entry of this decree by depositing the same in the custody of the Holland Trust Company of the city of New York."

IV. That of the said sum of $587.18 there has been paid to the company, as guardian as aforesaid, the sum of $418.23, and no more.

V. That John Aitken, Esq., of the said city of New York, who, during the pendency of the said proceeding was, and now is, an attorney and counselor of the Supreme Court of the State of New York, having his office in the city of New York, was retained by and appeared for the said Otto H. Georgi, as his attorney and counsel therein.

VI. That the said John Aitken, while acting as such attorney, received $150 belonging to the estate of the said infant, which he claims .he is entitled to retain for services alleged by him to have been performed for the said infant or for her estate; that said last-mentioned sum constituted part of the said sum of $587.18 which the said Otto H. Georgi was so as aforesaid ordered to pay to the said Holland Trust Company as guardian of the said Lisette Georgi.

*Anson B. Stewart*, for the appellant.

*Edward Russell*, for the respondent.

VAN BRUNT, P. J.:

It is difficult to imagine upon what theory this motion is founded. There is no claim but that the attorney rendered the services charged for, and is entitled to be paid therefor; but it is said his client has charged the same to his account as guardian when he should have paid for them himself. Even if this were so, it is difficult to see how the court can summarily take this money out of the attorney's pocket. All charges of administration are primarily the personal debts of the administrator, but if incurred properly for the benefit of the trust fund they will be allowed to the administrator upon the settlement of his accounts. So in the case at bar the guardian was liable for the services of his attorney. If they were improperly charged to his ward, the only way to settle this matter was to have the accounts of the guardian passed and to have him charged with whatever was due.

The order appealed from should be reversed, with ten dollars costs and disbursements to be paid by the petitioner, and the motion denied.

O'BRIEN and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements to be paid by the petitioner, and the motion denied.