(29 Misc. Rep. 707.)

### MOONEY v. MOONEY.

### CITIZENS' SAV. BANK v. MOONEY et al.

(Supreme Court, Special Term, New York County.   December, 1899.)

ATTORNEY'S LIEN—MONEY IMPOUNDED TO SECURE ALIMONY.
   Where the attorney for a divorced wife secured an order requiring the husband to deposit one-third of the surplus arising from a foreclosure sale of his property with the chamberlain to secure her right of dower, and also to deposit a sum to secure the payment of alimony, he is not entitled to a lien on such funds for his services, the funds not being the property of his client.

Action by Catherine Mooney against James Mooney and by the Citizens' Savings Bank against James Mooney and others.   The defendant Mooney moves for the vacation of an order under which the chamberlain holds certain money deposited to secure the payment of alimony.   Motion granted.

Robert W. Todd, for the motion.
Henry Schmitt, opposed.

SCOTT, J.   In May, 1887, Catherine Mooney obtained, in the late court of common pleas, a decree of separation against her husband, James Mooney, and was therein awarded alimony at the rate of $80 a month.   After a few years the husband ceased to pay this alimony with regularity, until, in 1894, he was in default several hundred dollars.   The wife then employed an attorney, by whose efforts the payment of the unpaid alimony was enforced.   The husband then made

a motion for a reduction of the alimony, the motion was opposed by the wife's attorney, and a reference ordered. Much testimony was taken before the referee, who reported that there had been no material change in the circumstances of either plaintiff or defendant which would justify a reduction of the amount of alimony awarded by the decree. Thereafter the husband constantly resisted the payment of the alimony, which was, however, as constantly and successfully enforced through the efforts of the attorney retained for that purpose by the wife. The husband owned certain property in this city, which was mortgaged for much less than its value to the Citizens' Savings Bank. He suffered that mortgage to be foreclosed, and the property was sold in June, 1898, for a price which left a surplus over the mortgage debt and costs of foreclosure amounting to $11,150.08. In the foreclosure suit the wife was represented by the same attorney whom she had retained to enforce the payment of the alimony due her under the decree of separation. A reference having been ordered to determine how the surplus should be distributed, the attorney for the wife insisted that one-third thereof should be deposited with the chamberlain to secure her right of dower. This contention was vigorously combated by the husband, but prevailed, and resulted in an order entered on the 7th day of December, 1898, directing that one-third of the surplus be deposited with the chamberlain, to be kept invested during the joint lives of James and Catherine Mooney, the income to be paid to James Mooney during his life, and upon his death, if Catherine Mooney survived him, to be paid to her during her life. The attorney for the wife also took steps to secure payment in the future of the alimony due the wife, and moved for and obtained an order, dated January 27, 1899, directing that the chamberlain retain out of the surplus moneys arising from said sale the sum of $4,000 as security for the payment, from time to time, of the alimony to become due to the wife under the decree of separation. For these services, so successfully rendered and of such value to the wife, her attorney has thus far been most inadequately compensated. Until very recently the feelings between the wife and husband have been very bitter. Now, however, the wife has executed in each of the above-entitled actions a relinquishment of all claims to the moneys retained by the chamberlain under the above-mentioned orders, and a consent that said orders be vacated, and the husband accordingly moves in each case for a vacation of the order under which the chamberlain holds the money. This motion is resisted by the attorney for the wife, who claims a lien upon the funds for the value of his services rendered to the wife. That the attorney's services were of great value to her is not to be questioned, and if the funds directed to be held as security for future contingencies had been absolute recoveries for the wife's benefit, in which she had a vested and disposable, although perhaps only a partial, interest, no question could arise as to the attorney's right to a lien thereon. They are not, however, such recoveries, and the wife has no title to or interest in them except that she is interested to the extent that if in the future she may acquire any interest therein the funds will remain intact, but until the happening of some contin-

gency that has not yet happened, and may never happen, the absolute and entire title in the funds rests in the husband. The funds are retained in court merely as security against a possible claim upon them which may hereafter arise, but this retention in no wise affects the husband's present ownership. It is clear that the attorney can assert no claim to the funds except through his client's title thereto or interest therein; for he can have no higher rights than his client has. Her right is not to payment out of the fund, but merely that it be kept intact. She cannot assign the funds, or, at present at least, assert any claim to any part thereof. So far as concerns so much of the surplus moneys as are held as security for the payment of future alimony, the wife can never become entitled to it unless the husband refuses to pay the alimony provided for in the decree of separation. But, even if he should refuse to continue the payments, the wife is under no obligation to her attorney to take any steps to enforce its payment, and the attorney himself could not undertake to enforce the payment of the alimony, either by proceeding against the fund on deposit or otherwise, merely for the sake of recovering the amount due to him by the wife. Branth v. Branth (Sup.) 10 N. Y. Supp. 638. Indeed, so far as concerns his claim for services in enforcing the payment of alimony, the law does not permit an attorney's lien to attach to the alimony paid to the wife under a decree. It is intended for the support of the party to whom it is awarded, its amount is fixed with reference to her necessities, and the courts will not countenance its appropriation to any other purpose. Branth v. Branth, supra. If then the attorney could have no lien upon the alimony itself, it is difficult to see how he can successfully assert a lien against money belonging, not to his client, but to her husband, which has been impounded only for the purpose of securing the payment of the alimony. As to the fund deposited to secure the wife's possible right to dower, it is equally difficult to see how the attorney's lien can attach to it. The inchoate right which the wife has in that fund is not property which she can assign or transfer or incumber. The most she can do with it is to release her possible future interest in it, and that release can run only to the person having title to the property. Since an attorney can assert a lien to a fund only by reason of his claim against his own client, and his claim upon the fund can be no greater than that which his own client has, it cannot be said in the present case that the wife's attorney has a lien upon the husband's money impounded to secure the wife's possible future right of dower, which, even if it ever accrued, would entitle her, not to the principal fund, but merely to the income derived from it. It may be, as suggested by the wife's attorney, that he is entitled to recover from the husband the value of the services rendered to the wife in the effort to compel the husband to pay the alimony awarded by the decree of separation. Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222. If this be so, however, it is a right which must be enforced by action. The court has no power to enforce such an obligation by summary process, and, even if the attorney has a right of action, that does not imply a lien upon these particular funds which would justify their further retention

in the hands of the chamberlain.  The motion must be granted, but without costs.

Motion granted, without costs.