(61 App. Div. 152.)

In re KING et al.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

ATTORNEY'S LIEN—WAIVER.
    The attorneys for a trustee settled a suit involving the trustee's right to recover certain securities, and procured an order requiring their delivery to the trustee. Thereafter, and before the delivery of the securities to the trustee, the attorneys wrote him that they had no desire to have an attorney's lien on the securities. Held, to show a waiver of their lien, which would prevent the future enforcement thereof.
    Patterson, J., dissenting.

Appeal from special term, New York county.

Application of David Bennett King and another to enforce an attorney's fee lien for services rendered Theodore C. English as trustee. From an order appointing a referee to determine and report the compensation to be allowed such attorneys (69 N. Y. Supp. 399), the trustee appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Henry W. Arrowsmith, for appellant.
Henry W. Jessup, for respondents.

McLAUGHLIN, J. On the 1st of December, 1892, Benjamin Williamson, a resident of the state of New Jersey, died, leaving a will, in which his son Isaac H. Williamson was named as trustee of a trust estate therein created. The will was admitted to probate in the state of New Jersey. The trustee qualified, and acted until the 11th of March, 1896, when, by an order of the orphans' court of Union county, in that state, he was removed, and Theodore C. English, the appellant herein, appointed in his place. English qualified, and since has been, and now is, acting as such trustee. The trust estate consisted of certain stocks and bonds, which Isaac H. Williamson, very soon after he qualified as trustee, lost in speculation, having put them up as margins with certain brokers in the city of New York. This fact having come to the knowledge of English, he, through his attorneys, King and Jessup, the respondents herein, brought an action against the brokers to recover such securities, upon the ground that when they dealt with Williamson they knew, or had reason to believe, that such securities did not belong to him, but were only held by him as trustee. English had a judgment, which on appeal was affirmed by this court (29 App. Div. 439, 51 N. Y. Supp. 697), and pending an appeal to the court of appeals a settlement was made, the brokers consenting that the securities, which had been deposited with the Central Trust Company pending the determination of the action, might be delivered to English,

as trustee; and thereafter an order of this court was obtained by King and Jessup directing the trust company to deliver the securities therein specified to English, as trustee. Before the trust company had complied with this order, a dispute arose between English and King and Jessup as to the amount of the latter's compensation for services as attorneys connected with and growing out of the litigation referred to, and, being unable to agree, King and Jessup, claiming to have a lien upon such securities for the amount of their claim, forbade the trust company complying with the order by making the delivery therein directed, and they thereafter made a motion for the appointment of a referee to take proof, and make a report to the court of the value of their services, with the view of enforcing their alleged claim on the securities to the extent of the same. A referee was appointed, and from that order the trustee has appealed.

For the purpose of the question now presented, it may be conceded that King and Jessup, as attorneys, originally had a lien on the securities recovered for the services rendered by them, which could have been, under section 66 of the Code of Civil Procedure, enforced in a proceeding instituted as this one was. We are, nevertheless, of the opinion that the application of the petitioners should have been denied, and for the reason that prior to the institution of it they had expressly waived whatever lien they had. There can be no doubt that a person who has a valid lien may waive it; and this, as it seems to us, is just what the attorneys did. At the conclusion of the litigation, when they, acting as attorneys for the trustee, procured an order of the supreme court directing the trust company to deliver these securities to the trustee, that act in and of itself was a distinct waiver of any right, claim in, or interest to the securities on their part for services rendered (Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649); and this seems to have been the view entertained by the petitioners themselves when they wrote to the trustee under date of November 16, 1900, in which letter they said: "We have no desire to impress any such lien on the funds, and have assented to your taking the securities, and sending us a check for the balance at your convenience." After the order had been made, it was the duty of the trust company to comply with it, and for its refusal it could have been punished for a contempt of court; and it was equally a contempt of court on the part of others to prevent its complying, except in a proceeding instituted in court, looking to a modification or a reversal of the order. On all of the facts, therefore, we are of the opinion that the respondents waived their lien, and are not now in a position to enforce it.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except PATTERSON, J., who dissents.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN, but I do not think that section 66 of the Code gives the court jurisdiction to determine the amount of the indebtedness of a client to his attorney in this summary way. That section gives to an attorney

a lien upon the judgment or final order in his client's favor, and on the proceeds thereof in whosesoever hands they may come, and authorizes the court upon the petition of the client's attorney to determine and enforce the lien. Certainly, this amendment to the Code could not have been intended to change the whole method of ascertaining the amount of the indebtedness of a client to his attorney, and justify the court in a summary way to take possession of the property which has been the subject of the litigation, ascertain what proportion of it should be paid to the attorney, and divide it between the attorney and his client, and thus take away from the client the right to have the amount of the attorney's compensation fixed in an action regularly commenced and tried as provided for by the constitution. The power of the court to determine and enforce a lien must be confined to a case where the parties either submit voluntarily to the jurisdiction of the court for that purpose, or where the client comes and asks the court to exercise its summary jurisdiction over the attorney, in which case the court can, as a condition of exercising that jurisdiction, impose upon the client the obligation of submitting the question of the attorney's compensation to be summarily determined by the court, or when the amount of the interest is not disputed, and the only question is as to the fund or property which is subject to the lien. I do not wish that my concurrence with what is said by Mr. Justice McLAUGHLIN be considered as agreeing that under this provision of the Code the court has the right, upon the application of the attorney, to determine in this summary way the amount of the attorney's fee which is a lien upon the subject-matter of an action.