### FRED N. BURLEIGH V. JOSHUA PALMER.

#### FILED JUNE 8, 1905. No. 13,847.

1. **Attorney's Lien: TRUST FUNDS.** An attorney has a lien for his compensation for professional services and for his disbursements upon moneys received by him on his client's behalf in the course of his employment, and this right of lien is not affected by the fact that the client is an executor or trustee and the services were rendered and money received on behalf of the estate.

2. ————: **AGREEMENT: REVIEW.** Where an attorney has filed a lien for professional services rendered in the case, and his client agrees to pay a certain amount in consideration of the release of the lien, and suit is brought upon such agreement, the question of the amount of services performed by the attorney or the terms of the original employment are immaterial, and evidence respecting these matters was properly rejected by the court.

ERROR to the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Pope & Brown* and *S. J. Coonradt,* for plaintiff in error.

*Joshua Palmer, F. I. Foss* and *R. D. Brown, contra.*

DUFFIE, C.

David B. Burleigh fell from a sidewalk in the city of Friend, and received injuries from which he died. Fred N. Burleigh, the executor of his will, brought an action against the city for damages, and employed Palmer, an attorney at law, as associate counsel in the case. Judgment went against the city, and Palmer filed an attorney's lien with the clerk of the district court claiming $300 for his services. This lien was filed June 21, 1898. In his petition in the district court, Palmer alleged his employment in the case; that he performed services therein to the amount of $200; that he had been paid $79.55, and claimed a balance due him of $120.45. He further alleged that on June 24, 1898, Burleigh, in consideration of his releasing the lien, agreed to make immediate payment of this bal-

ance; that thereupon he made out and delivered to Burleigh a writing addressed to the clerk of the district court, releasing his lien, whereupon Burleigh collected the amount of the judgment, but has failed and refused to carry out his agreement to pay the balance due him for fees. Judgment went in favor of Palmer for the amount claimed, and Burleigh has taken error to this court.

The plaintiff in error first urges that the plaintiff's petition is insufficient in that it is a suit on *quantum meruit,* and no allegation that plaintiff's services were reasonably worth the amount claimed. If the suit was upon a *quantum meruit,* which we do not think is the case, we are of opinion that the petition was sufficient, the allegation being that he performed services to the amount of $200, the clear meaning of which is that his services were reasonably worth that sum.

It is further objected that Palmer was not entitled to an attorney's lien on the judgment recovered against the city of Friend and in favor of the estate of David B. Burleigh, as it clearly appears that his employment was made by Fred N. Burleigh, the executor, in his individual capacity. This raises the right of an attorney to claim a lien against a judgment or fund secured by his services, where he was employed by a trustee, as in this case. The question, so far as we are advised, has never been before this court, but there are numerous decisions to the effect that an attorney cannot be deprived of the benefit of his lien because employed in the case by a plaintiff who brings the action in the capacity of a trustee. This precise question was determined by the court of appeals of the state of New York in *In the Matter of the Application of Knapp,* 85 N. Y. 284, and it was there held that "an attorney has a lien for his compensation for professional services, and for disbursements, upon moneys received by him on his client's behalf, in the course of his employment. This right of lien is not affected by the fact that the client is an executor, and the services were rendered, and money received, on behalf of the estate; nor is it confined to

moneys recovered by judgment." The same principle is recognized in *Harrison v. Perca,* 168 U. S. 311. See also *In re Holland Trust Co.,* 76 Hun (N. Y.) 323, 27 N. Y. Supp. 687; *In re King,* 61 N. Y. App. 152, 70 N. Y. Supp. 356; *Lee v. Van Voorhis,* 78 Hun (N. Y.), 575, 29 N. Y. Supp. 571, affirmed by court of appeals, 40 N. E. 164. This disposes of the contention of Burleigh that Palmer was not entitled to a lien, and that therefore his releasing the same was no consideration for Burleigh's promise to pay the remainder of his fee.

It is further urged that Palmer's petition shows that the money was in the hands of the clerk of the court prior to Palmer's filing his lien, and that therefore the lien did not attach, the money being paid into court before notice of the lien came to the adverse party. Counsel for plaintiff in error must have overlooked the second paragraph of the petition, which alleges that, "after the rendition of said judgment, and before the same was paid or discharged, plaintiff caused a lien to be filed according to law with the clerk of the district court wherein said judgment was recorded."

It is also urged that Burleigh's promise being that to pay the debt of another, is void under our statute of frauds. It will be remembered that an executor cannot bind the estate for which he is acting by any contract which he may make. If in the conduct of the business of the estate it becomes necessary to employ an attorney, he may do so, and have a reasonable fee for the services performed allowed him as part of the costs and expense of the administration. The debt however is his own, and he is personally liable to the party employed. If he wishes to protect himself against a greater charge than it is thought the court upon final settlement will allow, he must do so by contracting with the attorney to be satisfied with such fees as the court in charge of the estate thinks reasonable and just, and such as the court will allow the administrator as a reasonable disbursement for the services performed. With this principle in mind, the objections made

that the debt was that of a third party, and to the action of the court in limiting the cross-examination of Palmer, are easily disposed of. On Palmer's cross-examination it was sought to go into the question of his original employment, and the nature of the services actually performed. The court, we think, quite properly limited the evidence to the sole issue in the case, viz., did Burleigh, in consideration of Palmer's releasing his lien against the judgment, agree to pay him the sum of $120.45, the balance which Palmer claimed to be due? If he did, the contract should be enforced, regardless of what services were performed by Palmer, or of the conditions of his original employment. This was the only question submitted by the court to the jury, and, it being the only question in the case, it is needless to discuss errors assigned upon instructions given, as a careful examination shows that they were a plain statement of the questions, and the only questions, presented by the issues for the determination of the jury.

We discover no error in the record, and recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.