LULU TAYLOR V. C. LAWRENCE STULL, APPELLEE; BYRON CLARK, APPELLANT.

FILED JUNE 7, 1907.   No. 14,825.

1. **Attorney's Lien:** BASTARDY PROCEEDINGS. Under section 3607, Ann. St., providing for attorneys' liens, the judgment in favor of the prosecutrix in a bastardy proceeding is subject to the lien of her attorneys for professional services in obtaining such judgment.

2. ———: ASSIGNMENT OF JUDGMENT. An assignment of such judgment after the filing of the attorney's lien does not affect such lien, and the assignee takes the judgment subject to the attorney's lien.

APPEAL from the district court for Cass county: GEORGE A. DAY, JUDGE. *Reversed.*

*Byron Clark, pro se.*

*A. N. Sullivan, contra.*

GOOD, C.

In this action Lulu Taylor recovered a judgment against C. Lawrence Stull in the district court for Cass county, in a bastardy proceeding, for $1,800, to be paid in equal quarterly instalments of $45 for a period of 10 years. One thousand dollars was paid upon this judgment, leaving $800 still due. Byron Clark represented the plaintiff in all of the proceedings as her attorney, and about the time of the payment of the $1,000 filed an attorney's lien in the sum of $485, in which the plaintiff acquiesced, and joined with the attorney in giving notice of the lien to the defendant. Shortly afterwards she assigned the judgment to her brother, Elmer Taylor, making the assignment specifically subject to the lien. Byron Clark made application in the original action to be permitted to enforce his attorney's lien against the defendant out of the unpaid portion of the judgment. The defendant Stull answered, and a trial was had to the court. The court found all of the issues of fact upon Clark's application in his favor, but held as a matter of law that a judgment in a bastardy proceeding was not subject to the lien of an attorney. From this judgment of the district court Clark appeals.

The only question requiring determination is whether or not, under our statute providing for an attorney's lien, a judgment in a bastardy proceeding is subject to such lien. Section 3607, Ann. St., is as follows: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." Under the last clause of this section, which provides for the lien upon money belonging to his client in the hands of the adverse party, such lien will ordinarily attach to a judgment in favor of the

attorney's client in a proceeding in which the attorney was employed, and the lien will attach in this case to the judgment, unless a judgment in a bastardy proceeding is not subject to the lien of the attorney who represented the plaintiff in the proceeding.

It is earnestly contended on behalf of the appellee that a lien will not attach to such judgment, for the reason that the money does not belong to the plaintiff in the action; that, while the judgment is nominally in her favor, she is in fact a trustee and receives and holds the money in trust for the support of the bastard child. With this contention we cannot wholly agree. It is doubtless true that in a measure she acts in a trust capacity, and the judgment awarded in such case is largely for the benefit of and for the support of the bastard child. But the mother in such proceeding has a beneficial interest in the judgment. She is liable for the support of her child, and to the extent that she recovers from the father her burdens are lessened. She is also vested with the authority to bring the action in her own name. She is the one to whom the money is paid. She is the one who receives the money and discharges the judgment when paid. She is the one who has the right to use and disburse the money for the support of the child. So, she does not act wholly in a trust capacity in the institution and recovery of a judgment in such proceeding. But, even if it should be held that she acts entirely in a trust capacity, still we do not think that would deprive an attorney of his right to a lien on a judgment in such proceeding.

It has been frequently held that judgments in favor of administrators, executors, and guardians, recovered in their trust capacity, were subject to the lien of their attorneys in such actions, and that the trust fund recovered in such actions was liable for the attorney's liens. It was recently held in the case of *Burleigh v. Palmer*, 74 Neb. 122, that an attorney has a lien as compensation for his services and disbursements and for moneys received by him in his client's behalf in the course of his employment,

and that this right of a lien is not affected by the fact that the client is an executor or trustee, when the services were rendered, or money received, on behalf of the estate.

We can see no real distinction between the liability of a judgment in favor of an administrator or executor and that in favor of a plaintiff in a bastardy proceeding to the lien of the attorney in such action for his professional services.

Appellee urges in the case at bar that the client of the intervener was the mother, and that the fund in the hands of the adverse party belongs to the child. But, if it should be conceded that the mother in instituting the action acted in a trust capacity, then the employment of the attorney was in her behalf as trustee, and the services were rendered to her in her trust capacity, and the judgment would, nevertheless, be liable for the attorney's lien. We are therefore forced to the conclusion that the judgment in a bastardy proceeding is subject to the lien of the attorney representing the mother in procuring the judgment.

The plaintiff in this action assigned the judgment to Elmer Taylor, but in the assignment it was made subject to the attorney's lien. Appellee contends that the assignment of the judgment destroyed the lien, if any existed. To this contention we cannot assent, for the reason that the assignment was expressly made subject to the lien, and whatever rights Elmer Taylor received under the assignment were accepted subject to the lien of the attorney, and, as the amount of the lien was specified and certain, and plaintiff had consented thereto, we cannot see that either Elmer Taylor or the attorney could be prejudiced by such assignment, and we therefore hold that such assignment did not affect the right of the attorney to a lien on the unpaid remainder of the judgment.

There are other questions urged in the brief of the appellee, but they do not appear to have been presented to the trial court, and were, in fact, waived by the pleadings, and it is not necessary to consider them.

For the reasons given, we recommend that the judgment

of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.