# CHARLESTON.

STATE ex rel. STELLA M. SHOWEN, RELATOR v. O'BRIEN,
JUDGE, et als.

Submitted November 15, 1921.   Decided November 29, 1921.

1. BASTARDS—*Conviction on Confession at One Term Cannot be
   Annulled at a Subsequent Term.*

   A circuit court is without authority to annul at one term a
   judgment of conviction upon confession of the accused in a
   bastardy proceeding, and for the periodical payments of money
   to the county court for the maintenance and support of the
   child for whose paternity he is responsible, entered at an-
   other and different term. (p. 640).

2. ATTORNEY AND CLIENT—*Attorney Has Lien on Judgment in
   Bastardy.*

   An attorney, who prosecutes or assists in the prosecution of
   a bartardy proceeding to final judgment in favor of the mother
   of the child, upon an agreement with her or her next friend
   for an interest in the amount of the recovery, has a lien on the
   judgment for fees for services rendered by him in her behalf.
   (p. 639).

3. SAME—*Fraudulent Agreement Between Parties to Judgment
   in Bastardy Cannot Deprive Attorney of Fees.*

   Where a lien for the fees of an attorney who prosecutes or
   assists in the prosecution of a bastardy proceeding attaches to
   final judgment of conviction against the putative father of the
   child, and for the payment of money for its support for a
   specific term of years, the mother in person or by her next
   friend and the accused can not by a fraudulent agreement after
   judgment deprive the attorney of fees for the services so
   rendered by him. (p. 637).

4. SAME—*Attorney Claiming Fraudulent Release of Judgment
   Defeating Lien Has Burden of Proof.*

   The burden of proof to show fraudulent procurement of a
   release of a judgment in a bastardy proceeding rests upon the
   attorney.  (p. 637).

5. COMPROMISE AND SETTLEMENT—*Rights of All Parties Must be
   Regarded and Respected.*

   The rule that the courts favor compromise settlements by
   parties to prevent vexatious and expensive litigation only ap-
   plies where the legal and equitable rights and interests of all

parties concerned in a judgment are regarded and respected in good faith. (p. 637).

6.  BASTARDS—*Mother Held to Have Beneficial Interest in Judgment for Support of Child.*

    Although the mother of the illegitimate child, or her next friend if she is a minor, or the county court if the judgment in a bastardy proceeding is payable to such court for the support of the child, may in a sense hold the fund so derived in trust for the benefit of the child, yet she has a beneficial interest in the fund, as she remains liable for its nurture and maintenance within the limit of her ability to bear that burden, aided by the compulsory contribution of the putative father.  (p. 639).

(LIVELY, JUDGE, absent.)

Original proceeding in prohibition by the State, on the relation of Stella M. Showen, against W. H. O'Brien, Judge, etc., and others.

*Writ awarded.*

*Thos. P. Ryan,* for relator.

LYNCH, JUDGE:

In a complaint duly verified and filed with a justice of Roane County, Stella M. Showen, a minor and unmarried, charged Earl Bowers with being the father of a child born unto her, and on May 12, 1919, he appeared in person and by counsel in the circuit court of the county and confessed the truth of the accusation, H. C. Furgeson being present and representing the county court and Thomas P. Ryan, an attorney at law, the mother of the child. Acting upon the complaint and confession, the circuit court entered judgment against Bowers for $45.00, which amount he then paid, and required him to pay monthly thereafter $7.50, and to enter into a bond, which he did, in the penalty of $1,000.00, with sufficient surety and conditioned upon the prompt compliance with the order.

Sometime prior to May 18, 1921, he having in the meantime paid the monthly installments, Bowers notified the child's mother and the county court of his intention to move the circuit court on that day to vacate the judgment and ex-

onerate him from the burden of the payments so required. The grounds alleged for the motion were his inability to pay the amounts because of the impairment of his health, and his improper conviction upon the complaint made against him. notwithstanding the confession. This motion he made May 18, 1921, and counsel for the mother appeared that day, pursuant to the notice served on her, and resisted the motion, and the further hearing was continued from time to time, until upon a petition by her next friend, J. A. Showen, a writ issued by this court prohibited further proceeding upon the notice and motion. Nevertheless, the mother and putative father, either in person or by representative, arrived at some arrangement in the nature of a compromise of the judgment, and she moved to dismiss the prohibition proceeding. Ryan thereupon filed his petition alleging fraud in the procurement of the agreement, the purpose of which, he says, was to delay and defraud him in the collection of fees for his services as her legal advisor in the bastardy proceeding, she, according to the petition, having agreed to allow him one-half of the judgment as compensation. The prayer of his petition is that it may be filed in the prohibition proceeding, ''that said action may be allowed to proceed to final determination in the name of the said parties for his benefit and that his said rights and his said (attorney's) lien may be protected and enforced'' and for other further and general relief.

To the petition of the mother's next friend the persons prohibited have not appeared, and the petitioner appeared only to move its dismissal, and on that motion no action has so far been taken, and the Ryan petition remains unanswered.

In this jurisdiction there is and can be no question as to the equitable right of an attorney to claim and have his fees secured to him out of a judgment or recovery he has been instrumental in securing for his client in a particular suit, he, to that extent, being regarded as an equitable assignee of the judgment or decree. *Renick* v. *Ludington,* 16 W. Va. 378; *Bent* v. *Lipscomb,* 45 W. Va. 183; *Hazeltine* v. *Keenan,* 54 W. Va. 600; *Fisher* v. *Mylius,* 62 W. Va. 19. If the client does not obstruct the prosecution of the action or suit, and

a judgment or decree in his favor results, the attorney, generally, may readily protect the lien for his services. But if by fraud, collusion or deception, the client attempts to defeat the lien before judgment or decree, the attorney may and should as a matter of right for his own protection continue for his benefit the prosecution of the action in the name of the client whom he represents. *Burkhart* v. *Scott*, 69 W. Va. 694. There may be and are instances warranting an independent judicial proceeding for the protection and enforcement of such a lien, as in *Bent* v. *Lipscomb*, cited.

There are authorities that criticise as inaccurate the use of the term "lien" in a case of this kind. They prefer rather to treat what is thus described as the claim of an attorney to the equitable interference of the court, having jurisdiction of the parties and judgment, to hold and control it as a security for his protection, because of his official relation to the court. This is the definition given by Baron Parke in *Barker* v. *St. Quentin*, 12 M. &. W. 441, 152 Reprints 1270. That term, however, is the one ordinarily used in most decisions.

In this case, as already remarked, Ryan in his petition alleges a collusive and fraudulent settlement of the judgment he was one of the active agents in procuring, the design and effect of the settlement being, he says, to defeat the collection of his fees, payment of which is secured by a lien on the judgment sought to be annulled, after the adjournment of the term at which it was rendered. Courts favor and encourage settlements between parties to a controversy to avoid the vexation and expense of litigation, but look with disfavor, as in other cases, upon a settlement procured by fraud or imposition, and particularly when designed to delay, hinder or defeat enforcement of the rights of others vitally interested in the subject matter of the controversy. The rule favoring compromise settlements does not apply in furtherance of a fraudulent design, but only where the rights and interests of the parties immediately concerned, whether legal or equitable, have in good faith been observed and respected. *Weeks* v. *Wayne County Circuit Judges*, 73 Mich. 256. The case cited is only one of many which sanction both rules, judicial en-

couragement when the compromise is just and fair, and condemnation when it injuriously affects the rights and interests of others not parties to the compromise agreeement and whose rights are not regarded or respected in the settlement. So numerous and universal are the decisions declaring these just and equitable principles that it is necessary to cite but few of them. For others see *Desaman* v. *Butler Brothers*, 118 Minn. 198, Ann. Cas. 1913-E 642, listing among others, besides England and Canada, one each from Arkansas, Connecticut, Georgia, Idaho, New Hampshire, South Carolina and Wisconsin, and many from other state courts. In *Peterson* v. *Struby*, 25 Ind. App. 19, 56 N. E. 733, 57 N. E. 599, the court said: "The law which recognizes an attorney's right to a lien upon a judgment to secure his fees for services rendered in its procurement rests upon the equitable rule that the party who has reaped the benefit of his services should not be allowed to run away with the fruits of such services without satisfying the legal demands of his attorney, by whose industry, sagacity and learning, and, in many cases, at whose expense those fruits are obtained." *Rooney* v. *Second Avenue R. Co.*, 18 N. Y. 368, says: "The judgment being under the control of the court and the parties within its jurisdiction, it will see that no injustice is done to its own officers." It matters not that in some jurisdictions there are statutes regulating liens for attorneys' fees. The rule is the same in this state where there is no such statute upon the subject except the general provision found in section 13, chapter 119, Code, authorizing contracts between attorney and client for fees, and in the absence of such contract, the right of the attorney to have the reasonable value of his services; and, although some authorities question the existence of a common law rule upon the subject of such liens, they have been allowed and enforced as if authorized in England from a remote date. The suit or action must, however, proceed to decree or judgment in favor of the client before the lien for the attorney attaches. Until that stage is reached the lien is inchoate and may not attach or become complete. Whether in that event the parties may compromise without incurring a liability for the fees of

an attorney we do not pretend to decide, except insofar as held in *Burkhart* v. *Scott,* cited, where the case had proceeded to a verdict but not to a judgment when the compromise agreement was made.

Another question arises, can there be a lien for attorney's fees upon a judgment in a bastardy proceeding? The authorities answering that question are few. Counsel cite none and but two were found in this investigation, *Costigan* v. *Stewart,* 76 Kan. 352, 91 Pac. 83, 11 L. R. A. (N. S.) 630, and note; *Taylor* v. *Stull,* 75 Neb. 295, 297,112 N. W. 577. The decision in the Taylor-Stull case, however, depended upon the proper construction of a general statute providing for liens of attorneys' upon giving notice of the lien to the parties interested in the result of the litigation. Each of the two cases deal with liens in bastardy proceedings, and they concur in sustaining the liens as in other litigated controversies. The contention in both was that the mother was not the owner of the judgment or of any interest in the fund it represented if paid into the treasury of the court, but was a mere trustee, the child being the beneficiary. This argument was countered in this way in *Taylor* v. *Stull*: it is doubtless true that in a measure she acts in a trust capacity, and a judgment awarded in such a case is largely for the benefit of and for the support of the bastard child, but the mother in such proceeding has a beneficial interest in the judgment. She is liable for the support of the child and to the extent that she recovers from the father her burdens are lessened, etc. The money represented by the judgment here involved, however, was to be paid, and until the date of the compromise agreement was paid to the county court for repayment to the mother for the support and maintenance of the child and that court is not here asserting an interest in the fund or the right to receive and disburse any balance within its control or any amount due and unpaid on the judgment. But if otherwise the county court would have no right or interest not possessed by the mother. She would still be liable for the maintenance of the child if able to bear that burden. There does not appear to be a substantial or meritorious dif-

ference in law or principle between this and the other two decisions.

By what authority not applicable to judgments obtained in any other form of action or judicial proceeding may a circuit court on motion of either party, alter or annul a judgment, obtained in a bastardy proceeding after the end of the term at which the judgment was rendered, as in this case? Although a court may at any time during the term set aside a judgment rendered within the term, there is no authority for doing so after the expiration of the term, except upon motion as provided by section 5, chapter 134, Code, or by bill of review for fraud or for correction of clerical errors in some circumstances. *Manion* v. *Fahy,* 11 W. Va. 482; *Morris* v. *Peyton,* 29 W. Va. 201, or by an independent bill charging fraud in the judgment or decree. It is evident, therefore, that the motion to dismiss the proceeding in bastardy for the annulment of the judgment or for the discharge of the rule in prohibition is not allowable upon the theory on which the motions are predicated. It is fair to say, however, though already remarked, that the circuit court has not ruled upon either of the first two motions and can not rule on the third, as it is not addressed to him.

As it is not within the province of this court to hear and determine in the first instance matters arising upon the petition of Thomas P. Ryan, our order will make the rule in prohibition absolute, leaving open for trial in the circuit court such issues upon the question of fraud in the Ryan petition as may seem appropriate in view of the principles of law herein set forth.

*Writ awarded.*