# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Matthew J. Minney,**
**Intervenor Below, Petitioner**

**vs)  No. 18-0071**(Kanawha County 16-AA-118)

**Deborah Yost VanDervort,**
**Petitioner Below, Respondent**

**and**

**West Virginia Public Service Commission,**
**Respondent Below, Respondent**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew J. Minney, by counsel E. Taylor George and Michael E. Mullins, appeals the November 7, 2017, order of the Circuit Court of Kanawha County that denied his motion to enforce a settlement agreement that dismissed four separate actions before three entities, Public Employee's Grievance Board, West Virginia Human Rights Commission and United States Equal Opportunity Commission. Respondents Deborah Yost VanDervort, by counsel John Everett Roush, and West Virginia Public Service Commission, by counsel Belinda B. Jackson, each filed a response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Deborah Y. VanDervort is an attorney employed as an ALJ with Respondent West Virginia Public Service Commission ("PSC"). Respondent VanDervort has been continuously employed with the PSC since August of 1989. Respondent VanDervort first served as an Attorney 2, in the Consumer Advocacy Position, before taking a position as an Administrative Law Judge ("ALJ") in January of 2004. In June of 2014, Respondent VanDervort was promoted to the position of ALJ-2.

In October of 2014, the PSC posted the position of Deputy Chief Administrative Law Judge. The PSC established a policy and procedure for filling the position and developed interview questions designed to measure each applicant's qualifications based on the hiring criteria. Petitioner Matthew J. Minney scored highest, receiving 176 points. Respondent

1

VanDervort ranked fourth among applicants receiving 143 points. Petitioner Matthew Minney was selected for the position.

On February 27, 2015, Respondent VanDervort, then sixty-two years old, filed a grievance with the Public Employee's Grievance Board. In her grievance, she complained that the PSC's decision to hire petitioner, a younger, non-minority male, who had never previously served as an ALJ, was "arbitrary, capricious, and based on favoritism." Respondent VanDervort alleged discrimination on the basis of age and sex. Respondent VanDervort requested as relief, that she be employed as the Deputy Chief ALJ, or, in the alternative, to be paid the equivalent pay of the Deputy Chief ALJ. On March 4, 2015, the Grievance Board hearing administrator notified Petitioner Minney that his rights may be substantially and adversely affected by the grievance, and on March 9, 2015, Petitioner Minney filed an Intervention Form, requesting to be made a party to the grievance. This request was granted.

Following a hearing, the Grievance Board rejected Respondent VanDervort's arguments and the Grievance Board denied her grievance by order entered November 14, 2016. On December 12, 2016, Respondent VanDervort filed a pro se appeal of the decision to the Circuit Court of Kanawha County. At that time, Respondent VanDervort was also a grievant in another matter before the Public Employee's Grievance Board, where she was represented by a union representative. Respondent VanDervort also had pending claims before the West Virginia Human Rights Commission and the United States Equal Employment Opportunity Commission that were related to her Grievance Board claim.

Respondent VanDervort was represented by Senior Deputy Attorney General J. Robert Leslie in her claim before the West Virginia Human Rights Commission. Mr. Leslie represented to the parties that he had received authority from Respondent VanDervort to negotiate a settlement on her behalf. The parties entered into settlement negotiations on December 29, 2016, however, petitioner did not attend, and in January of 2017, Mr. Leslie met with attorneys for petitioner and the PSC. Those present reached an agreement that would resolve all of Respondent VanDervort's cases. The terms of the agreement included a dismissal of all pending matters before the Grievance Board, the Kanawha County Circuit Court, the West Virginia Human Rights Commission, and the United States Equal Employment Opportunity Commission; a cash payment to Respondent VanDervort in the amount of $2,500.00; a neutral letter of recommendation for Respondent VanDervort from the PSC; the removal of the scoring matrix from the Deputy Chief ALJ hiring process from Respondent VanDervort's personnel file; and the removal of any language referring to Respondent VanDervort as "angry, agitated, or frustrated" from her August 15, 2016, Employee Performance Appraisal.

Respondent VanDervort asserts that she was unaware of these negotiations, and according to the circuit court, Respondent VanDervort was not copied on the negotiation emails between Mr. Leslie and petitioner's counsel and the PSC. The final documents were ready for execution on February 24, 2017. On February 16, 2017, Respondent VanDervort informed Mr. Leslie that she was "withdrawing all authority of the [Attorney General's Office] to settle this matter on her behalf." Mr. Leslie conveyed this development to opposing counsel, and in April

of 2017, petitioner filed a motion to enforce the settlement agreement.[1] Respondent VanDervort responded to that motion in September of 2017, and a hearing was held on the motion on September 22, 2017 in which Respondent VanDervort was called as an adverse witness. The circuit court denied the motion to enforce settlement by order entered November 7, 2017. Petitioner now appeals the November 7, 2017, order of the Circuit Court of Kanawha County that denied his motion to enforce the settlement agreement.

We have held that,

> "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *Messer v. Huntington Anesthesia Grp., Inc.*, 222 W. Va. 410, 664 S.E.2d 751 (2008).

On appeal, petitioner complains that the circuit court erred in denying his motion to enforce settlement. Petitioner cites *Messer* in support of his argument that Mr. Leslie represented to the parties that he had the authority to settle all of Respondent VanDervort's matters. Petitioner also claims that the settlement was reached in good faith, with attorneys negotiating over the course of weeks.

In *Messer*, we held,

> [w]hile this Court has recognized that "[t]he mere relation of attorney and client does not clothe the attorney with implied authority to compromise a claim of the client," Syllabus Point 5, *Dwight v. Hazlett,* 107 W.Va. 192, 147 S.E. 877 (1929), we have also held that "[w]hen an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority." Syllabus Point 1, *Miranosky v. Parson,* 152 W.Va. 241, 161 S.E.2d 665 (1968).

222 W. Va. at 418–19, 664 S.E.2d at 759–60 (citing *Sanson v. Brandywine Homes*, 215 W. Va. 307, 599 S.E.2d 730 (2004). Petitioner characterizes Respondent VanDervort's refusal of the settlement as "buyer's remorse." We disagree and find that the record is devoid of evidence to indicate that Mr. Leslie had the authority to settle all of the respondent's claims.

"'The rule that the courts favor compromise settlements by parties to prevent vexatious and expensive litigation only applies where the legal and equitable rights and interests of all parties concerned in a judgment are regarded and respected in good faith.' Syl. pt. 5, *State ex rel.*

---

[1] The PSC filed a motion to enforce settlement before the West Virginia Human Rights Commission. That motion was denied.

*Showen v. O'Brien,* 89 W.Va. 634, 109 S.E. 830 (1921)." Syl. Pt. 1, *Triad Energy Corp. of W. Va. v. Renner*, 215 W. Va. 573, 600 S.E.2d 285 (2004). Further, "'[a] meeting of the minds of the parties is a *sine qua non* of all contracts.' Syl. pt. 1, *Martin v. Ewing,* 112 W.Va. 332, 164 S.E. 859 (1932)." Syl. Pt. 2, *Triad Energy Corp. of W. Va.*

While Respondent VanDervort admitted to giving Mr. Leslie authority to negotiate on her behalf in the matter before the Human Rights Commission, Mr. Leslie did not represent Respondent VanDervort in her grievance proceeding, or in her appeal of the grievance proceeding, or before the United States Equal Employment Opportunity Commission. The record reflects that Respondent VanDervort was unaware that the negotiations regarded the resolution of all of her pending matters, and the record is devoid of proof that respondent or her union representative were copied on the communications during settlement negotiations. Regarding the meeting of minds, we have held that

> [t]he meeting of the minds requirement has been recognized by this Court as specifically applicable to settlement agreements. . . . In *O'Connor v. GCC Beverages,* 182 W.Va. 689, 691, 391 S.E.2d 379, 381 (1990), this Court stated: "[I]t is well understood that '[s]ince a compromise and settlement is contractual in nature, a definite meeting of the minds of the parties is essential to a valid compromise, since a settlement cannot be predicated on equivocal actions of the parties.' 15A C.J.S. *Compromise & Settlement,* sec. 7(1)(1967). (Some internal citations omitted)."

*Messer*, 222 W. Va. at 418, 664 S.E.2d at 759. Further, "[t]he contractual concept of 'meeting of the minds' or 'mutual assent' relates to the parties having the same understanding of the terms of the agreement reached." *Id*. at 418, 614 S.E.2d at 759. *See also* 17 C.J.S. *Contracts* § 35 (1999).

Here, the settlement agreement stated that Respondent VanDervort was pro se*,* and entering the agreement on her own accord without any recommendation from the Office of the Attorney General regarding the grievance appeal, and omitted any mention of petitioner's union representative. Respondent VanDervort received no consideration for the settlement agreement, there was no signed written agreement between the parties, and there were no terms of settlement established on the record. Finally, we note that the West Virginia Human Rights Commission denied the PSC's motion to enforce the settlement finding that the PSC did not meet its burden of proof that Respondent VanDervort "knowingly and voluntarily" waived her right to pursue her complaint before the Human Rights Commission. Consequently, we hold that there can be no meeting of the minds where a pro se party and her union representative are excluded from all negotiations and the formation of the settlement agreement. Petitioner has not shown, nor does the record reflect that the factual findings of the circuit court are clearly erroneous, and consequently, we find that the circuit court did not abuse its discretion in denying the motion to enforce settlement.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment


**DISQUALIFIED:**

Chief Justice Margaret L. Workman
Justice Tim Armstead