# FALL SPECIAL TERM, 1898.

## CHARLESTON.

BENT *v.* LIPSCOMB *et al.*

Submitted June 8, 1898—Decided November 16, 1898.

1. ATTORNEY AT LAW *-Attorney's Lien—Assignment of Judgment.*
   An attorney at law has a lien upon a judgment recovered by him for his client for his compensation, which lien is good against an assignee of the judgment, though he had no notice of the lien. (p. 184).

2. ASSIGNMENT OF JUDGMENT *-Attorney at Law.*
   A writing given by a client to his attorney in a suit authorizing the attorney to retain out of the judgment, when recovered, a part for his compensation, is an assignment of such part. (p. 184).

Error to Circuit Court, Randolph County.

Action by James A. Bent against Lipscomb & Lipscomb. Judgment for defendants, and plaintiff brings error.

*Reversed.*

SAMUEL V. WOODS, for plaintiff in error.

P. LIPSCOMB, in proper person.

BRANNON, PRESIDENT:

Action by Bent against Lipscomb & Lipscomb before a justice, appealed to the circuit court, where, upon demurrer to evidence, judgment was given for defendants. One Kessell, in an action against Hinkle, recovered a judgment.

Bent was one of his attorneys. The common law gave him a lien on that judgment for his compensation as attorney, and he had a writing from Kessell giving him a right to "retain, out of any recovery of money had by a verdict and judgment, one-fourth value of such verdict and judgment in said suit in money, as compensation for his (said Bent's) services as one of my counsel in said case." Lipscomb & Lipscomb were associate counsel with Bent in the case, and took from Kessell an assignment of the judgment, and collected it. Bent brought this action against them to recover his fourth of the judgment. I think the record shows an assignment to the firm, not to one of them. At any rate, the firm collected the money. Counsel for Lipscomb & Lipscomb says that Bent had no lien. Why not? He had by common law and the writing. *Fowler* v. *Lewis' Adm'r*, 36 W. Va., 112, (14 S. E. 447). Notice of such lien is necessary as to debtor, but not to an assignee of the judgment. *Renick* v. *Ludington*, 16 W. Va., 378; 3 Am. & Eng. Enc. Law (2d Ed.) 472. This would show right to judgment under the head of *assumpsit* for money had and received by the defendants to the use of plaintiff,—money of his received by them. The evidence shows that defendants had notice of Bent's right, and took the assignment, as one of them declared, with set purpose to keep the money from going to Bent's hands, which shows they had notice of his right, if that were material, as also does other evidence show it, and makes the case all the stronger against them. They said they took the assignment to keep the money from going to Bent's hands, as they had fees. So had Bent. They were justified in taking the assignment; but law and justice to Bent make them take the assignment subject to his rights. They afterwards paid half the judgment to Kessell. This seems to show that they took the assignment to defeat Bent. His lien forbade this payment to Kessell. Moreover, that paper from Kessell to Bent was an assignment. It would not destroy, but confirm, his common law lien. *Bentley* v. *Insurance Co.*, 40 W. Va., 730, (23 S. E. 584); 2 Am. & Eng. Enc. Law, 1055. Defendants had full notice of Bent's right before payment to Kessell, and were warned not to pay him. They could not pay him Bent's money.

As an assignment, it is good against them; and, even if there were no lien, this assignment would sustain the case.

Counsel argues that the court had no jurisdiction, as Kessell was not, but should have been, a party to this suit, and that the Constitution says that he cannot be deprived of property without due process of law.    Now, it is not with defendants to defend Kessell's rights.    The question in this case was, did defendants collect and refuse to pay money belonging to Bent?    Between these parties, that was the sole question,—*assumpsit*, for money had and received.    If defendants wished to vindicate Kessell's right, why did they not hold the money, and, when sued, claim to be stakeholders, and bring in Kessell by interpleader, and at once protect Kessell and themselves, and thus have justice done between all parties?    Or, even after payment to Kessell, why not show by proof that for some reason, not even hinted at by the record, Bent had no claim to this money, instead of merely demurring to Bent's evidence, which clearly shows his lien?    Kessell could not be a party to this suit.    The case is plainly with the plaintiff, and we reverse the judgment, and enter judgment for him.

*Reversed.*