# CHARLESTON.

TINA V. BROWN *et als.* v. RUIE EDNA ERWIN *et als.*

Submitted September 20, 1921.   Decided September 27, 1921.

1. EQUITY—*Notwithstanding Return of Commissioner's Report and Readiness for Hearing, Defendant in Default May File Answer.*

    Notwithstanding the return of a commissioner's report in a chancery cause and readiness of the cause for hearing thereon, a defendant in default may file his answer to the bill. (p. 119).

2. SAME—*Where Answer is Limited to Collateral Branch, Proceeding May Go to Decree in Main Cause and Matter in Answer be Continued.*

    If an answer so filed is not defensive of the main cause of action and is limited in its defense to a collateral branch

thereof, susceptible of postponement without interference with or delay of a decree in the main cause, such decree may be entered and the matter arising upon the answer continued for a later hearing thereof. (p. 119).

3. SAME—*Answer to Bill to Enforce Judgment Lien Impeaching Claim of Attorney's Lien, Held Not a Cross-Bill Requiring or Authorizing Special Reply.*

An answer to allegations in a bill for enforcement of a judgment lien, impeaching an asserted claim of an attorney's lien on such judgment and denying the existence thereof, responsive to such allegations and contradictory thereof, is not a cross-bill nor an answer in the nature thereof, requiring or authorizing a special reply thereto. (p. 119).

4. APPEAL AND ERROR—*Bill Based on Full Hearing of Evidence Before Commissioner Will Not be Reversed for Lack of a General Replication.*

A decree based upon a full and fair hearing upon evidence taken before a commissioner upon a proper reference, will not be reversed for lack of a general replication to an answer. (p. 120).

5. ATTORNEY AND CLIENT—*Attorney Obtaining Decree Has Lien on Fund Arising from its Enforcement by Another Attorney.*

An attorney by whom a judgment or decree has been obtained has an attorney's lien upon a fund arising from the enforcement of the lien of such judgment or decree against the land of the debtor, in a suit prosecuted for the plaintiff, by another attorney. (p. 120).

6. INFANTS—*Attorney May Have Lien Upon Decree for Fee Although Creditor is an Infant.*

It is immaterial in such case, that the creditor is an infant suing by his next friend. (p. 121).

7. SAME—*Attorney Paying Costs and Expenses is Subrogated to Right of Next Friend to Reimbursement, if Acting in Good Faith.*

A next friend incurring costs and expenses in the prosecution of a suit is entitled to reimbursement from the infant, and, in equity, the attorney paying such costs and expenses, is subrogated to the right of the next friend against the infant, and may have a decree against the fund, for his services and such costs and expenses, provided the next friend has act-

89 W. Va.

ed in good faith and with reasonable caution, in efforts to protect the interests of the infant.   (p. 121).

8. ATTORNEY AND CLIENT—*Attorney's Failure to Obtain Specific Relief Sought and Taking Alternative Relief Do Not Preclude His Lien for Fee.*

Failure of an attorney to obtain the relief specifically sought in a suit in equity and necessity of his taking alternative relief, under the prayer for general relief, do not preclude right in him to a lien on the decree actually obtained.   (p. 121).

9. SAME—*An Attorney Has a Prior Lien on Fund Arising From Enforcement of Decree Procured by a Subsequently Employed Attorney Unless Expressly or Impliedly Assenting Otherwise.*

An attorney by whom a judgment or decree was obtained for his client has a lien upon a fund arising from enforcement of such judgment or decree against the land of the debtor, by another attorney employed by his client, prior and superior to the lien thereon of such subsequently employed attorney, unless he has expressly or impliedly assented to such subsequent employment or, in some way, relinquished his right further to represent his client in the matter, or, by negligence or other misconduct warranting his discharge, has lost it.   p. 122).

Appeal from Circuit Court, Doddridge County.

Suit for enforcement of the lien of a decree by Tina V. Brown and others against Ruie Edna Erwin and others, and from a decree in favor of the plaintiffs the defendants appeal.

*Affirmed.*

*L. W. Chapman,* for appellants.

*J. V. Blair, J. V. Blair, Jr.,* and *J. Ramsey,* for appellees.

POFFENBARGER, JUDGE:

The subject matter of the controversy brought up by this appeal is a claim of a lien for attorney's fees and expenses, upon a fund brought into the hands of the court below, through a sale of real estate by one of its special commissioners.    Originally, it was a claim of a lien upon a decree obtained by one attorney, having the dignity, force and effect of a judgment, and now upon a fund realized upon the decree by a sale of the property upon which it was a lien, in a subsequent suit prosecuted by another attorney, for some of

the original plaintiffs, who also claims a lien upon part of it for his services.

This cause is predicated upon the result of the decision in *Hansford* v. *Tate,* 61 W. Va. 207, prosecuted for the plaintiffs by J. V. Blair, as attorney, and closely follows it in order. Its primary object, annullment of a judicial sale, on the ground of fraud in the procurement thereof, having failed in respect of the right of the purchaser and the decrees in the suit in which the sale had been made, *Freeman* v. *Hansford,* having been set aside only in so far as vacation thereof did not affect the title of the purchaser, Tate, a right to have restitution of the proceeds of the sale arose in favor of the plaintiffs, which the trial court and this court both recognized. That cause was disposed of in this court, January 15, 1907, but no further steps therein are here shown to have been taken until July 16, 1908. On that date, a personal decree was entered therein, in favor of the plaintiffs, against A. S. Hansford and Joseph Freeman, but, as it was disclosed that Hansford had received all of the money obtained by the sale of the land, it was provided that nothing should be collected from Freeman, until after exhaustion of all of Hansford's property. This being a final decree, as to the liability of Hansford and Freeman, there were no doubt preliminary proceedings between the date of the remand of the cause and the entry thereof, which have not been brought up.

In the mean time, March 11, 1908, two of the plaintiffs, Tina V. Brown and Essie M. McDonald, are alleged to have entered into a contract with L. W. Chapman, an attorney, by which they employed him to collect any money due them from Freeman, Hansford, Harvey Smith, next friend in the suit against Tate and others, and J. V. Blair, an attorney in that suit, and obligated themselves to pay him one-half of any sum recovered. These two of the six original plaintiffs, all of whom were infants, thus separated themselves from the other four. At the date of this contract, Tina V. Brown had become of age and married one W. A. Brown. Essie M. McDonald, though still under age, was also married. In her deposition, taken before the commissioner to whom this cause was first referred, Tina V. Brown swore her husband

had made this contract and signed her name to it without her knowledge or consent.    He was also put into this suit as the next friend of Essie M. McDonald.

The object of this suit was enforcement of the lien of the decree for $1,730.00 against Freeman and Hansford, obtained by Blair for the Hansford children in their suit against Tate, Freeman, Hansford and others, by way of restitution of the proceeds of the sale of their land, in the suit brought by Freeman against Hansford, as for enforcement of a vendor's lien, in pursuance of a fraudulent agreement between Hansford and Freeman.    Tina V. Brown and Essie M. McDonald, the latter suing by her next friend, W. A. Brown, are the plaintiffs, and all the other beneficiaries of that decree, as well as Freeman, Hansford, Blair and the Carter Oil Co. are defendants.    Upon sufficient allegations, the bill asserted a lien of the decree upon two small tracts of land owned by Hansford and sought enforcement thereof.    In connection with this relief, it assailed Blair's claim of a lien upon that decree, charging that Blair had been employed by Harvey Smith as the next friend of the plaintiffs in the suit in which the decree was obtained, and had agreed to look to him for his fees and compensation, and had also assumed payment of the costs.

On a date not disclosed by the record, Blair interposed a demurrer to the bill.    No other defense seems to have been made until after the cause was referred to a commissioner, for ascertainment and report of the facts usually requisite for a decree in such causes.    The commissioner reported the lien of the decree upon said tracts of land and upon certain town lots in Harrison County, W. Va., Blair having had abstracts thereof recorded in both Doddridge and Harrison counties.    He also divided the lien among the six owners thereof, giving each $380.87, and allowed Chapman a lien against each of the interests of Tina V. Brown and Essie M. McDonald, for the sum of $190.43, as attorney's fees, by virtue of his alleged contract with them.

An order entered July 17, 1914, recited adjudication of Blair's lien, a second reference of the cause to another commissioner to ascertain the amount thereof, and omission of

actual entry of such order, and directed the same to be entered *nunc pro tunc,* as of the last day of the March term, 1914. By the same order, the court sustained an objection to the filing of a special reply to Blair's answer, tendered by the plaintiffs, and rejected the same.

The commissioner's report was filed in the clerk's office of the court, November 25, 1913. According to a recital in an order entered in the cause, J. V. Blair filed his answer to the bill, December 1, 1913. After it was filed, the cause came on to be heard upon the report of the commissioner, and Blair then excepted to the report, but his exception was overruled and the report confirmed. By the same order, however, the matters arising upon his answer and petition, were continued for consideration and determination after the sale of the real estate, so as to bring the fund into court. A decree of sale was then entered, in which Chapman was made the special commissioner to execute it.

Before the commissioner's report made on the second reference, was returned, the real estate of Hansford was sold, the sale confirmed and a deed made. The amount realized from the sale was $744.00. Though there is no order filing it, there appears in the printed record, a petition of L. W. Chapman, claiming a lien in his favor, on this fund, for attorney's fees. He bases this claim upon the contract alleged to have been made between him and his clients. In this petition, he also attacks the lien claimed by Blair. The printed record discloses a paper signed by Chapman in his individual capacity and as special commissioner, purporting to be his answer to the answer filed by Blair. In that paper, he again sets up his claim and denies the validity of the claim of Blair and also attempts to interpose the statute of limitations to the latter claim. This petition seems to have been filed by the final decree, which says the cause came on to be heard upon it and other papers. Another paper printed in the record and not filed by any order, purports to be an answer of Tina V. Brown, L. D. Griffin, administrator of Essie M. McDonald, who died pending this suit, and L. W. Chapman as special commissioner and in his own right, to the petition of Harvey Smith filed in this cause, for an allowance to

him, for services rendered as next friend of the infant plaintiffs, in their suit against Tate and others.

The first, second and third assignments of error are based upon the tardiness of Blair in the filing of his answer and his failure to make his defense before the commissioner and the effect of the confirmation of the first commissioner's report. Neither of them is tenable.    A defendant may file his answer at any time before final decree.    Code, ch. 125, sec. 53; *Ash* v. *Lynch*, 72 W. Va. 238; *Waggy* v. *Waggy*, 77 W. Va. 144. This right in a defendant to delay the filing of his answer cannot be exercised in such manner as to postpone the hearing of a cause that has been matured in all respects by the plaintiff.    In other words, if the plaintiff's case is fully made up in respect of proof as well as pleadings, so as to give him clear right to relief, the defendant cannot postpone the hearing to take his proof, by the filing of an answer as to which he is in default.    Reference of a cause to a commissioner to report facts upon which a decree can be based is only a preliminary step in the preparation of the cause for hearing.    It is not perceived how it can stand upon any footing different in legal status and effect from other preliminary proceedings.    Hence, it did not preclude right in Blair to file his answer.    The continuance of the issue made by the answer, respecting the claim of a lien for attorneys fees, did not delay procedure in the main cause, the object of which was sale of Hansford's real estate, to bring the fund, on which the other liens are claimed, into court.    There was an immediate decree of sale and it was executed, pending the controversy over attorney's liens.    This delay occurred in a purely collateral branch of the cause.    Nor did the second reference to ascertain the amount of the Blair lien, in any way delay the main cause.    Confirmation of the first commissioner's report allowing Chapman a lien upon two of the interests was not an adjudication in his favor, beyond the power of the court to alter.    The order of confirmation was interlocutory and, therefore, subject to change and correction.    There was no decree of payment or allowance in his favor, upon the report, after confirmation thereof.

As the special replication to Blair's answer, tendered by

the plaintiffs and rejected by the court does not appear in the record as made up here, it is impossible, of course, to say whether it was good or bad. However, it may be safely said that the answer was not such as called for a special replication. In other words, it was not a cross-bill nor an answer setting up new matter and praying affirmative relief thereon. It was a purely defensive pleading. When the plaintiffs instituted this suit, the decree upon which it is predicated was before them and exhibited with their bill. That decree showed, by a recital therein, that Blair's claim of a lien for attorneys fees and expenses had already been asserted by motion in the original cause, based upon the record therein; and an attorney's charging lien is usually asserted in a summary and informal manner. *Schmertz* v. *Hammond,* 51 W. Va. 409; *Renick* v. *Ludington,* 16 W. Va. 378; 6 C. J. 794. Blair had his claim of a lien noted right in the decree and the cause was retained upon the docket for inquiry and adjudication respecting it. The bill in this cause made him a defendant, resisted his claim and admitted that he had obtained the decree. His answer, therefore, introduced no new cause of action, nor any new matter, save the specification of the items of his demand. It denied allegations of the bill and particularly those relied upon to defeat his lien.

The complaint of rejection of answers, petitions and exhibits tendered by the appellants, is not sustained by any order of rejection, except in the instance of the special replication, and it is not here. As to the merits of the several claims and contentions, there was a full hearing before the commissioner, on the second reference. The decree does not rest upon any technical ground.

As has already been demonstrated, the decree in Blair's favor stands upon sufficient pleadings. The plaintiffs assailed his lien by allegations of their bill and he answered it. No further pleadings or parties were necessary.

Barring something exceptional in the situation of the parties or the circumstances of the case, Blair's claim is clearly valid, even though not confessed by the lack of a general replication to his answer as suggested. If sufficiently denied, it has been proved. It falls exactly within the principles

declared and applied in *Fisher* v. *Mylius*, 62 W. Va. 19.   In
that case, as in this, the lien was acquired by the plaintiff,
through the services of one attorney, and enforced against
the real estate of the debtor by the aid of another.    Never-
theless, the lien on the fund in favor of the original attorney
was sustained.

The contention of non-liability of the fund to a lien for
attorneys fees, on the ground of the infancy of the clients, at
the date of the rendition of the services, is altogether unten-
able.   In the institution and the prosecution of the suit, they
acted by their next friend who, of course, incurred personal
liability for expenses, attorneys fees and costs, but he was en-
titled to reimbursement for all such amounts as against them.
In a court of equity, he can stand in the shoes of the next
friend.   In this instance, he paid all of the expenses, includ-
ing costs, wherefore he is entitled to be subrogated to the
right of the next friend and charge the interests of the plain-
tiffs in the fund, as their next friend could have done.   In
such cases, a court of equity always places the liability where
it ultimately belongs.   That a next friend is entitled to re-
imbursement from his ward cannot be successfully contro-
verted.   *Voorhees* v. *Polhemus*, 36 N. J. Eq. 456; *Whitaker*
v. *Marlar*, 1 Cox Ch. 285; *Pearce* v. *Pearce*, 9 Ves. 548.   Nor
does unsuccessful determination of a suit brought by him pre-
clude his right to reimbursement for costs and expenses, if
he has acted in good faith and with reasonable caution, in an
effort to protect the interests of the infant.   *Voorhees* v. *Pol-
hemus*, cited; *Taner* v. *Ivis*, 2 Ves. Sr. 466; *Cross* v. *Cross*,
8 Beav. 455.

Failure of the attorney representing the plaintiffs in the
original suit, to obtain the relief specifically prayed for, va-
cation of the sale and recovery of the title, constitutes no
impediment to his assertion of a lien upon the fund recovered
in lieu of the land.   It stands in the place of the land.   More-
over, recovery thereof was within the prayer of the bill for
general relief.   In their enforcement of the decree for money,
his clients have accepted the benefit of his services and can-
not be permitted to reject the burden that, on legal as well
as equitable principles, accompanies it.   The answer admits

contingency of the fee, owing to poverty of the clients and the hazard of expenses, but it does not admit nor show that the compensation was to be contingent upon recovery of the land. On the contrary, it sets up an agreement for compensation out of the property or proceeds thereof, and the decree was for its proceeds.

The statute of limitations, if sufficiently pleaded, and applicable, does not bar the lien. It was asserted, July 16, 1908, immediately on the termination of the service, and, with the exception of one item of $9.00, within five years from the date of payment of the costs and expenses. A reasonable and fair inference from all the facts and circumstances, is that payment of this item and others, before recovery of the money sued for, was not contemplated by the parties. It was to be paid primarily out of the recovery, if any.

For the reasons stated, the demurrer to the answer, treated as an exception, was properly overruled.

Nor was there any error in the allowance of priority to Blair's lien. Chapman prosecuted the suit that brought the actual money into court, it is true, but he was not acting for Blair in the rendition of that service. Blair obtains incidental benefit of the service, but he takes it involuntarily. It was service he would have performed himself, if permitted to do so. He had laid the basis for this suit and evidently was ready to go on with it when Chapman interposed his services, in preclusion of further proceedings by Blair. In doing so, he assailed and endeavored to defeat Blair's lien. Therefore, the case does not fall within the rule of apportionment, applied in *Fisher* v. *Mylius,* cited. Chapman claims from his clients whose effort, if any, to avoid Blair's claim, is inequitable. Claiming under them, he is in no better position than they are. Being a party to their conduct in the premises, he falls within the rule inhibiting collusive settlements and other indirect methods of avoidance of attorney's charging liens, asserted in *Burkhart* v. *Scott,* 69 W. Va. 694.

Seeing no error in the decree complained of, we will affirm it.

*Affirmed.*