LILLIAN S. ROBERTSON *v.* LARRA PETTERY

(No. 7625)

Submitted September 12, 1933. Decided September 19, 1933.

*E. E. Robertson* and *Lillian S. Robertson,* for appellant.

HATCHER, JUDGE:

The petitioner, Lillian S. Robertson, an attorney, recovered a judgment at law of $1,600 in favor of C. A. Jordan against M. D. Scott. By her contract with Jordan she "was to receive one-half of whatsoever amount, if any, was recovered by reason of said action." In a general creditors' suit brought later against Scott, his real estate was sold and purchased by Jordan at the price of $700.00. The purchaser paid no money, but was allowed to credit his judgment against Scott with $700.00. The court then entered a deficiency judgment in favor of Jordan against Scott for $1,173.07, the balance (including in-

terest) remaining unpaid on the original judgment. Petitioner having received nothing on her fee, asked the circuit court to decree that she have a lien for $898.48 (her one-half of the judgment with interest and costs, etc.) first in priority against the Scott real estate purchased by Jordan and against the deficiency judgment mentioned above. The court, however, held that she was entitled to such a lien upon only an undivided one-half of the said real estate. She complains of this limitation.

There can be no question in this state of the equitable right of an attorney to have his fee secured out of a judgment or recovery he has obtained for his client. *Renick* v. *Ludington,* 16 W. Va. 378; *Bent* v. *Lipscomb,* 45 W. Va. 183, 31 S. E. 907; *Bank* v. *Bryan,* 76 W. Va. 481, 487-8, 86 S. E. 8; *State* v. *O'Brien,* 89 W. Va. 634, 636, 109 S. E. 830. Where, as under the instant contract, however, the fee is a percentage of the amount recovered the client "is not liable for such percentage of the judgment obtained, but only for a percentage of the damages (money) received." *Fisher* v. *Mylius,* 42 W. Va. 638, 26 S. E. 309; *Same* v. *Same,* 62 W. Va. 19, 57 S. E. 276. So far, the only actual recovery by Jordan is real estate of the apparent value of $700.00. (The value is not questioned by petitioner.) The petitioner is entitled to one-half of that real estate if she so elects, together with a lien on the other moiety for $41.85, costs advanced by her in the original action against Scott; or she may have her lien upon all of that real estate to secure her in the payment by Jordan of $350.00 (one-half the value of the present recovery) plus the said sum of $41.85. She is also entitled to a lien upon the deficiency judgment against Scott for her percentage of that judgment.

The decree of the circuit court is accordingly reversed, and the cause remanded. As petitioner substantially prevailed in this Court, and as defendant Larra Pettery is the only litigant who has ever opposed the demand of petitioner the costs of this appeal will be taxed against Mrs. Pettery.

*Reversed and remanded.*