U. S. SEAL, *Receiver, v.* DREAMA R. GWINN, *Admx.*

(No. 8478)

Submitted April 14, 1937. Decided June 8, 1937.

*Nickell Kramer,* for appellant.
*Price & McWhorter,* for Seal, receiver.

FOX, JUDGE:

Dreama R. Gwinn, administratrix of the estate of Josephine R. Gwinn, deceased, claiming to own and to be entitled to possession of two bonds of the government of the United States, each of the par value of $1,000.00, which were then in the possession of U. S. Seal, Receiver of Alderson National Bank, instituted in the circuit court of Greenbrier County her action of detinue against said receiver, seeking to recover the possession of said bonds. Her counsel in said action was H. L. Van Sickler, the appellant herein. Shortly after the beginning of said action, the said receiver instituted a suit in chancery in said court, claiming that the estate of Josephine R. Gwinn was indebted to his trust in the sum of $2,000.00; that said bonds were held by it as collateral security for said debt; and that, as receiver, he was entitled to apply the bonds to the payment thereof. He sought and obtained an injunction against the prosecution of the detinue action, and such proceedings were had in his suit as resulted in a decree on September 9, 1933, in favor of the receiver, for $1209.00 and costs. The bonds were directed to be sold at public auction, and the proceeds thereof applied first to the payment of the decree aforesaid and costs of suit, and the residue paid to Dreama R. Gwinn, administratrix. The said Van Sickler represented the administratrix throughout the progress of this suit. Subsequently, on June 27, 1934, a written agreement was entered into between the receiver and the administratrix, by which the receiver was authorized to sell said bonds at their market value and it was stipulated therein that the proceeds derived from such sale should be applied first to the amount due the receiver, and the balance thereof

paid to said administratrix. Still later, on November 8, 1934, a consent order was entered, dismissing said chancery cause "as fully and finally settled." This order of dismissal was signed by counsel for the receiver and by H. L. Van Sickler, as attorney for the administratrix.

On July 23, 1935, after the adjournment of the term of court at which the order of dismissal was entered, Van Sickler tendered his petition in said cause, setting up a claim for fees as counsel for the said administratrix, and asserting a lien against the money to which the said administratrix was entitled under the decree aforesaid, and the contract above mentioned; he asked that he be made a party to said suit; that his claim for fees be decreed to him and paid out of any money due from the said receiver to said administratrix. This petition was permitted to be filed, and a hearing thereon set for the second day of August, following. On the hearing date, an amended petition was tendered by the said Van Sickler, alleging that the sum of money going to the said administratrix from said receiver had been applied by the receiver on a debt due him from one David Gwinn, the husband of Dreama R. Gwinn, and that such payment amounted to collusion and fraud, as to his rights, which amended petition was permitted to be filed. He asked that the suit dismissed on November 8, 1934, be "reinstated * * * and permitted to proceed to judgment for the benefit of the petitioner and to save his rights unto him." To the original and amended petition, the receiver filed his demurrer which was sustained and the petitions dismissed. From this action of the court Van Sickler appeals.

The demurrer raised two points of defense: (1) that the suit in which the petitions were sought to be filed was no longer a pending suit, having been dismissed by consent of the parties, and that the court had no jurisdiction to entertain the same; and (2) that the petitions, and the record of the suit in which they were asked to be filed, do not show the petitioner to be entitled to a lien on the fund against which his claim is asserted.

The right of an attorney to a lien for services on a

fund recovered through his efforts is recognized in this jurisdiction. *Renick* v. *Ludington,* 16 W. Va. 378; *Fowler* v. *Lewis,* 36 W. Va. 112, 14 S. E. 447; *Bent* v. *Lipscomb,* 45 W. Va. 183, 31 S. E. 907, 72 Am. St. Rep. 815; *State* v. *O'Brien,* 89 W. Va. 634, 109 S. E. 830; *Robertson* v. *Pettery,* 114 W. Va. 78, 170 S. E. 901. We think the right of the petitioner to his lien, had the same been asserted in the suit before dismissal, is clear. The services rendered by him were not defensive. What the administratrix was seeking was the possession of the two bonds, and the right to employ the income therefrom, for the benefit of the estate in her charge, and receive their value in money at maturity. Through the action of the receiver in instituting his suit, and enjoining the prosecution of the action of detinue, the litigation took such turn as to require the administratrix to assert her claim to the bonds in a different suit from that instituted by her. The major purposes for which Van Sickler was employed never changed. *Renick* v. *Ludington, supra,* was a case where the attorney was employed to obtain money claimed to be due under a contract. A suit was instituted to set aside the contract on which the claim for recovery was based. That suit was successfully defended, and a suit then instituted on the contract, resulting in a recovery, and the attorney was held entitled to a lien on the amount recovered, not only for the services performed in the suit in which recovery was had, but for his services in defending this suit to set aside the contract out of which it grew. The services of the attorney in that case, while in part technically defensive, were necessary to effect the final recovery. In this case, we have a similar situation. An action was instituted to recover the bonds. The prosecution of this action was enjoined, but the right to the bonds was contested in the suit in which the injunction against the detinue action was awarded. At the end of the litigation, there was, in effect, a recovery of a substantial sum by the administratrix, and the attorney was entitled to compensation for his services, and to assert a lien for the amount thereof against the fund recovered.

But Van Sickler having agreed to the dismissal of the suit in which his lien for his services could have been asserted, two questions arise: Can he now assert such lien; and has the court the power to take further action in the case? If such right and power exist, they grow out of the failure of the receiver to carry out the decree of the court providing for the distribution of the proceeds of the sale of the bonds. That decree, as well as the subsequent contract between the parties, expressly provided that the money remaining from the sale of the bonds, after the payment of the receiver's debts and costs, should be paid to the administratrix. The amended petition alleges that the instructions of the court, and the provisions of the contract, were violated by the receiver; and it is contended, in effect, that the court has power to enforce its decree even though the case was dismissed by consent.

It must be admitted that the entry of the consent order of dismissal deprived the court of all power, after the date of the adjournment of the term, to enter any order or decree affecting in any way the rights of the parties as determined by the orders and decrees theretofore entered; but it does not follow that by the entry of such order the court deprived itself of the power, inherent in all courts, to see that its decrees and orders are enforced. A party to a suit, directed by the court to a particular thing, cannot resort to the use of an order of the court to defend a violation of that direction with respect of the subject matter of the litigation. To accept that theory would render courts helpless to enforce their decrees, in cases where dismissal orders are, for any reason, entered.

Obviously, the court, in entering the decree distributing the proceeds of the sale of the bonds, and directing payment to the administratrix of the balance of the fund, after the satisfaction of the receiver's claims, pursued the proper course. If the decree had been complied with, and this sum paid to the administratrix, it would have been subject to the debts of the estate and costs of administration, including reasonable compensa-

tion to the attorney through whose services the fund was recovered. Payment to the administratrix would have assured an orderly and legal distribution of the fund through the usual methods employed in the settlement of estates, which, no doubt, the court had in mind when it entered its decree. The application of this money to a debt of David Gwinn violated the order of the court and was calculated to prevent the subjection of the fund to any just claims against it. Such application was, in our opinion, in direct violation of the decree covering the distribution of the fund in controversy, and warrants the court in now requiring that this fund be paid to the administratrix and thereby made subject to the claims of the petitioner and others if and when their claims are established. This ruling is necessary to place emphasis on that proper respect to which the order of the court below, as well as the decrees and orders of all courts, is entitled.

It may be contended that the petitioner was without right to file his petition. The petitioner was counsel of record in the chancery cause, an officer of the court, and claims to be a creditor of the estate of Josephine R. Gwinn by reason of services performed for that estate. We think creditors of the estate would have had a right to call to the court's attention the fact that its orders were being violated, where such violation was prejudicial to their interests.

The decree of the circuit court, sustaining the demurrer to the said petitions and dismissing the same, is reversed, and the case remanded for further proceedings not in conflict with this opinion.

*Reversed and remanded.*