In the Matter of the Estate of HUGH MERRILL, Deceased.

Surrogate's Court, Kings County, November 23, 1937.

*Simon Cohen,* for the accountant Mattie Merrill, as administratrix, etc., widow.

*Isador I. Tilton,* special guardian for Dequella Merrill and Hugh Merrill, infant children of deceased.

*Samuel L. Sargent,* attorney *pro se.*

WINGATE, S. The peculiar facts of the present case differentiate it substantially from the usual controversy respecting the fees of an attorney retained for the prosecution of a negligence action.

The original retainer, which was executed by the decedent, provided for the receipt by the attorney of fifty per cent of any verdict or settlement. This was a valid and binding agreement made *inter vivos* between competent persons over which, in the absence of fraud or other improper inducing cause, neither this, nor any other, court possesses any control. (*Ward* v. *Orsini*, 243 N. Y. 123, 127; *Rodkinson* v. *Haecker*, 248 id. 480, 489; *Matter of Pagnotta*, 161 Misc. 415, 418, 419; *Matter of Dugan*, 147 id. 776, 780.)

On March 26, 1935, while the decedent was alive, a stipulation of settlement of the cause of action for $7,500 was made with his approval and consent. The litigation subsequent to his death has determined that this settlement constituted a valid and binding agreement which extinguished the tort claim and substituted therefor a right on contract for the receipt of $7,500.

The retainer agreement, operating on this contract right, effected an equitable assignment of one-half thereof, namely, of a value of $3,750, to the attorney. (*Fairbanks* v. *Sargent*, 117 N. Y. 320, 329; *Lynch* v. *Conger*, 181 App. Div. 221, 224; *Matter of Kitching*, 141 Misc. 704, 707.)

At this point the client died, with the result that his estate became vested with a coequal contract right, as tenant in common with the attorney, in the amount of the settlement.

His administratrix thereupon entered into a second retainer agreement with the attorney for a payment to him of fifty per cent " of any judgment or settlement plus taxable costs and disbursements " of the " claim for damages arising from injuries received by Hugh Merrill," the decedent. This was a wholly nugatory act, for two reasons: *first*, because there was, as noted, no such claim in existence, and, *second*, because the administratrix possessed no authority to bind the estate by an express contract in any event. (Surr. Ct. Act, § 222; *Matter of Meng*, 227 N. Y. 264, 269; *Matter of Gilman*, 251 id. 265, 271; *Matter of Hoffman*, 136 App. Div. 516, 519; *Matter of Woolfson*, 158 Misc. 928, 930; *Matter of Marinano*, Id. 825, 827, 828.) The only right of the attorney, therefore, is to receive a reasonable compensation for any services rendered to the estate.

The sole question, therefore, for present determination is as to whether the sum actually paid by the administratrix for the enforcement of the contract right which came into her hands from the decedent was reasonable for the services performed. There is no need for extensive enumeration of the extended and exacting

services rendered, since they included a jury trial and appeal, both of which were successful. The total sum paid by her from the assets of the estate was only $480.52, or approximately $100 more than the interest earned by the credit during the period of the litigation. In the opinion of the court this was eminently reasonable, and the objection thereto will be overruled.

Enter decree on notice in conformity herewith.