JESSIE MIRASOLA, *Adm'x., etc. v.* HAZLETT M. RODGERS, SR., *et al.*

(CC 593)

Submitted September 13, 1938. Decided December 6, 1938.

*McCamic & Clarke*, for B. L. Rosenbloom.
*C. K. Jacob,* for Hazlett M. Rodgers.

HATCHER, JUDGE:

This suit was brought in Brooke County to have a claim of Mrs. Mirasola's decedent against H. M. Rodgers, a resident of the county, declared a lien upon certain realty allegedly transferred by him in fraud of the claimant. We are not directly concerned now with that litigation, but

with a petition filed in that suit by B. L. Rosenbloom and J. T. McCamic, attorneys of Wheeling, bringing in one Sara Baer, a resident of Cabell County. The petition alleges that petitioners have the present physical possession of a note of Rodgers payable to her, which she had delivered to Rosenbloom for collection upon the agreement that he should have fifty percent of what he could collect as his fee; that he notified Rodgers of his possession of the note, and of his interest in it; that he associated McCamic with him in its collection, agreeing that McCamic should share the fee, and that Rodgers was advised of this association; that petitioners made certain investigations preliminary to instituting suit against Rodgers, of which he was informed; that following all this, Rodgers made a secret and collusive compromise of the note with the payee, at much less than its face value, to their exclusion; and that Rodgers is worth the full amount of the note. The petition prayed that the Mirasola bill be amended, making petitioners parties thereto. The petition did not specify in terms the relief sought, but *represented* to the court that it should protect petitioners' "equitable assignment of fifty per cent of said note", and prayed for general relief. A demurrer to the petition was sustained and its sufficiency certified here.

The brief of petitioners advances these propositions: (1) The contract with the payee of the note conferred on them an equitable interest in it, *pro tanto,* and to that extent they became creditors of the payor; (2) this interest was not extinguished by the collusive settlement between payee and payor, but is still enforceable against him; and (3) under the statute, they were, in effect, parties to the Mirasola suit—it being one to set aside a fraudulent conveyance of the payor—and have the right to enforce their demand against him in that suit.

1. The point is made against the first proposition that it cannot obtain because petitioners had not even commenced litigation against Rodgers, much less obtained a judgment, prior to his settlement with Mrs. Baer. In some states, an attorney's rights in his client's cause of

action are controlled by statute. We have none in this state. In jurisdictions without a statute, the decisions are not in harmony. In some, an agreement, like that here alleged, confers upon the attorneys no interest in the cause of action prior to realization of proceeds thereon. See *Newell* v. *West,* 149 Mass. 520, 21 N. E. 954; *Weller* v. *Ry. Co.,* 66 N. J. Eq. 11, 57 A. 730; *Hargett* v. *McCadden,* 107 Ga. 773, 33 S. E. 666; *DeWinter* v. *Thomas,* 34 App. D. C. 80. (Note criticism of the last citation in annotation 27 L. R. A. [N. S.] 634). In other jurisdictions, the interest conferred by such an agreement is immediate. It would seem on principle that the latter view is sound. An assignment results from contractual intent. *Holmes* v. *Evans,* 129 N. Y. 140, 144, 29 N. E. 233; Pomeroy, Eq. Juris. (4th Ed.), sections 1280, 1283; Lawrence, Eq. Juris., sections 234, 235, 240. If the intent is to pass a present interest, it passes immediately, irrespective of later realization. The right under the contract here should be clearly distinguished from the non-contract right of an attorney to a lien upon a recovery obtained for his client. That right arises by operation of law. Because the law thus voluntarily protects an attorney after recovery from his failure to secure his fee, is no reason in our opinion, for denying an attorney the security he has providently arranged for himself prior to recovery. Furthermore, such denial would impair the obligation of a contract and foster collusive settlements, prior to recovery, like that here alleged.

Mechem generalizes, doubtless correctly, that while some cases hold the mere agreement with an attorney to pay him out of a certain recovery to be an equitable assignment *pro tanto* of that fund, this is against the weight of authority "unless there are further evidences of assignment present." Mechem, Agency (2d Ed.), sec. 2286. The agreement alleged here is not that Mrs. Baer promised to pay Rosenbloom out of the collections, or that she bound herself personally to pay him anything at all; but is that he was to have as his fee fifty per cent of what-

ever he collected on the note then delivered to him. The appropriation for his fee was complete the instant the contract was completed. From thence forward he and, by association, McCamic, shared *pro tanto* Mrs. Baer's creditorship of Rodgers. Under the allegations, Rodgers could have paid the note directly to Rosenbloom, and the latter could have retained his per cent of the payment without further intervention of Mrs. Baer. A well considered case holding that such facts constitute an equitable assignment *pro tanto* is *Fairbanks* v. *Sargent*, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 475. That holding is "familiar law" in New York, as well as in a number of other jurisdictions. See *La Fetra* v. *Trust Co.*, 203 App. Div. 729, 197 N. Y. S. 332; *In re Kitching's Estate,* 141 Misc. 704, 253 N. Y. S. 112, 116; *In re Merrill's Estate,* 165 Misc. 295, 300 N. Y. S. 1142; *Patten* v. *Wilson,* 34 Pa. 299; *Blakey* v. *Ins. Co.,* 28 Ind. App. 428, 63 N. E. 47; *Canty* v. *Latternar,* 31 Minn. 239, 17 N. W. 385; *Lashley* v. *Moore,* 112 Okla. 198, 240 P. 704; *Traction Co.* v. *Clark* (Tex.), 272 S. W. 564. That law, in effect, is also recognized in our own case of *Bent* v. *Lipscomb,* 45 W. Va. 183, 31 S. E. 907, 72 Am. St. Rep. 815, (second point syllabus).

2. A collusive settlement of a note between payor and payee does not extinguish the known equitable rights of an attorney in the note. *State* v. *O'Brien,* 89 W. Va. 634, 109 S. E. 830.

3. Code, 40-1-1, avoiding a conveyance made to defraud creditors applies to all having valid claims against the grantor. *Carr* v. *Davis,* 64 W. Va. 522, 63 S. E. 326, 20 L. R. A. (N. S.) 58, 16 Ann. Cas. 1031. Any such creditor "may come in by petition to a suit attacking a deed on the ground of fraud * * * ." *Richardson* v. *Ralphsnyder,* 40 W. Va. 15, 20 S. E. 854.

Since, by assignment, petitioners became creditors of Rodgers *pro tanto,* in their own right, the ruling of the circuit court is reversed. The cause is remanded.

*Reversed and remanded.*

KENNA, JUDGE, dissenting:

Rosenbloom and McCamic tendered three intervening petitions in this cause asking to be made parties and praying that Sara Baer also be made a party. Each of the petitions alleges the possession of a note for fifty-five hundred dollars payable to Sara Baer and signed by H. M. Rodgers that petitioners had been employed to collect on a contingent basis entitling them to fifty per cent of the amount collected. The first petition the trial court refused to consider, thereby raising an appealable, and not a certifiable, question. *Staud* v. *Sill*, 114 W. Va. 208, 171 S. E. 428; *Slater* v. *Slater*, 118 W. Va. 645, 191 S. E. 524. There were two other chancery causes of this nature pending in the Circuit Court of Brooke County against Hazlett M. Rodgers in both of which petitioners had filed what they term answers and cross-bills which were set up as exhibits with the petition herein filed.

The petition alleges that Sara Baer, ignoring petitioners' rights, has made a collusive settlement direct with Hazlett M. Rodgers, and that Rosenbloom was an equitable assignee of fifty per cent of Rodgers' note. The petition also contains the following language: "They deny that any payment of the full amount of said note and interest has been made, and further, that any such settlement was collusive and fradulent upon the rights of Benjamin L. Rosenbloom as an attorney practicing in this Court." Consequently, this record, in a manner which we cannot ignore, shows that petitioners directly and categorically contradict the material allegations of their petition. For that reason, I think the trial court was right in sustaining the demurrer to that petition and that the actual question involved under the state of the pleadings does not warrant the docketing of this certification.

What I have just stated is illustrative of a continued ambiguity throughout the argumentative averments of this petition and of the cross-bills (three in number, only two of which are referred to in the petition) filed here-

with. A certified question must be free from ambiguity. It is not claimed, nor does the majority opinion hold, that this employment gave to petitioners what is termed a "retaining lien", or a lien upon a client's property professionally in the possession of an attorney, which is to be distinguished from an equitable assignment *pro tanto*. Neither is it contended that it is what is termed a "charging lien", which is a lien upon the proceeds of litigation. The majority opinion states that the employment resulted in an equitable assignment of a one-half interest in the promissory note. The allegation of the petition is that the employment provided that Sara Baer's attorneys should receive one-half of what they collected. Its allegations also show that they have collected nothing. The employment of an attorney upon a contingent basis may be terminated at any time prior to his having fully performed the purpose of the employment. This entitles him to recover on a *quantum meruit* for the effort that he has expended. Naturally, this result would not follow if a contingent employment constituted an equitable assignment of any part of the subject matter.

I cannot see the applicability of *Bent* v. *Lipscomb,* 45 W. Va. 183, Pt. 1, Syl., 31 S. E. 907, 72 Am. St. Rep. 815. In the *Bent* case a judgment had been recovered and the attorney had completely fulfilled his part of the contract of employment so that the consideration moving to him no longer rested upon a contingency. His had become a vested right. His lien upon the judgment did not rest upon an equitable assignment but a long established common-law principle. Not so here. Further, the contract in the *Bent* case was in writing specifically granting the attorney an interest in the judgment which he recovered. Here it is verbal, giving the attorney a right to retain part of a hoped-for collection, which he did not make. Going further, it seems to me that the interpretation of the court's holding in the *Bent* case should be reconciled to that in *Tomlinson* v. *Polsley,* 31 W. Va. 108, 5 S. E. 457. There it was held that a client could peremptorily dismiss a pending case in which attorneys were

employed whose remuneration rested upon the successful outcome of the litigation, and that the lawyers could then recover on a *quantum meruit* basis.

Treating this petition as though it did not contain the conflicting allegations I have mentioned, I still do not see how its prayer for general relief entitled petitioners to intervene in a cause in which their former client and contended debtor has no direct present interest and is not a party. See *Pappenheimer* v. *Roberts*, 24 W. Va. 702; *Richardson* v. *Ralphsnyder*, 40 W. Va. 15, 20 S. E. 854.

I am of the opinion that this cause should not have been docketed, but treating it as properly presenting the questions certified deferentially disagree with the conclusion of my brethren.