LILLIE P. YOUNG, *Executrix, etc. v.* A. L. HODGES, *Executor, etc.*

(No. 8838)

Submitted April 18, 1939.  Decided May 23, 1939.

*J. D. Jennings,* for appellant.

*U. G. Young, Jr., James H. Coleman, Jr.,* and *Myron B. Hymes,* for appellees.

MAXWELL, JUDGE:

The circuit court of Upshur County allowed to counsel a fee of $150.00 as a lien against a decedent's estate for services which they had rendered to him in his lifetime.

Writ of error was awarded on petition of the executor of the estate.

In 1935, in the court stated, Judson T. Hodges sued his wife, Rosella, for divorce. She filed a cross-bill-answer. On full hearing, the plaintiff's prayer for divorce was denied and relief was granted the defendant. In addition to granting her a divorce and costs, the court, by its decree, settled the conflicting claims of property rights between the parties. The plaintiff was decreed to be the owner of certain specified articles of personal property. No provision was made by decree for a fee for plaintiff's counsel.

At the next succeeding term of circuit court, U. G. Young, Sr., and Myron B. Hymes, who had been counsel for Hodges in the divorce case, filed in the circuit court of Upshur County their petition whereby they asserted against the personal property decreed to their client in the divorce case a lien for $150.00 for legal services rendered by them to him in that case and prayed that the lien be fixed by court decree.

In the meantime, and within a few days after the entry of the divorce decree, Judson T. Hodges died testate. His executor took charge of the personal property mentioned. When it had been converted into cash the sum realized was $408.79.

Before the commissioner of accounts to whom the Hodges estate was referred for settlement, Messrs. Young and Hymes filed their claim of lien as evidenced by the circuit court's decree. The commissioner declined to act on the claim. His declination was in effect a disallowance thereof. The claimants excepted to the commissioner's report before the county court but that tribunal overruled the exceptions. The matter went thence on appeal to the circuit court where the county court's action was reversed, the claimants' exceptions to the commissioner's report were sustained, and the claim of $150.00 for attorneys' fees was allowed as a lien, next after costs of divorce suit and costs of administration, against the personal property which had been decreed to their client in

the divorce suit, and as a lien against the stated sum of $408.79 in the hands of the executor.

The above mentioned petition was filed in the circuit court and the resultant decree entered without notice to the executor. The proceeding was not of such *ex parte* nature as would justify a decree adverse to the decedent's estate, in the absence of a chance to the executor to make defense. Opportunity for defense lies at the taproot of Anglo-American jurisprudence.

And then, too, the petition for attorneys' lien was purported to have been filed in the divorce suit of Judson T. Hodges against Rosella Hodges, though that cause had been ended by final decree four months previously at a former term of court. An attorney's lien for professional services rendered in a chancery cause may not be fixed and determined by decree of court purported to be entered in the cause at a term subsequent to that wherein a final decree on the merits had been entered. Consult: *Seal* v. *Gwinn,* 119 W. Va. 19, 23, 191 S. E. 860.

Procedural matters aside, we are confronted with the basic question whether counsel for Judson T. Hodges in his divorce case are entitled under the law to assert a lien against the articles of personal property whereof their client, prevailing over the antagonistic claim of his wife, was decreed to be the owner.

Attorney's liens are of two kinds, namely, retaining and charging. Clearly, the circumstances here would not sustain a retaining lien because an attorney's possession of the property of his client is an essential of such lien. II Thornton on Attorneys at Law, sec. 573. Consequently, there arises herein the inquiry whether in the Hodges divorce case the circumstances were such as to create the right to a charging lien in favor of the attorneys of the plaintiff therein.

Though, in this state, we have no statute determinative of attorneys' liens, the principle has become settled that in proper cases charging liens will be upheld and enforced. *Brown* v. *Erwin,* 89 W. Va. 113, 108 S. E. 605; *Robertson* v. *Pettery,* 114 W. Va. 78, 170 S. E. 901. The cases

cited and other West Virginia cases examined relate to funds or real estate. Most of them pertain to recoveries of money at law or in chancery. So far as we have been able to ascertain, no case of this jurisdiction deals directly with tangible personal property. Consequently, as to tangibles, the question stands *res integra.* Decisions of courts of other jurisdictions present divergent views of this proposition. Backgrounded by these variant decisions, there appears in one prominent treatise this statement: "Any property recovered on behalf of a client may be the subject matter of a charging lien." 7 Corpus Juris Secundum, p. 1173. While in another important text there is the statement: "In the absence of statute, however, an attorney's lien does not attach to personal property." II Thornton on Attorneys at Law, section 633. Consider *Scott* v. *Kirtley,* 113 Fla. 637, 152 So. 721, 93 A. L. R. 661 and annotation.

On principle, we are of opinion that an attorney at law who has rendered service to his client and has not been compensated therefor is as much entitled to assert a lien against tangible personal property as against recoveries of money, credits or lands. A forceful illustration might readily arise in a detinue action wherein there had been obtained by the plaintiff a judgment for the recovery of valuable articles of personal property. A denial to his counsel of the right to an attorney's lien because the judgment was for specific property and not for debt would seem to be most unfair and not soundly based. So, too, in a divorce case, where husband and wife are contending over specific articles of personal property, the party who prevails affirmatively, and not merely defensively, should not be permitted to enjoy the benefits of his victory without the property being subject to a reasonable fee for legal services. Such property, just as though it were a money judgment, should stand good for a fair professional charge by the attorney.

So we hold that because of services rendered for the plaintiff in the Hodges divorce case and his recovery therein, there was a basic right in his counsel to assert

a lien against the personal property as to which the plaintiff prevailed in his claim of ownership. Whether the original right to a lien still exists cannot, in the present state of the record, be determined. But certain it is that the effort to have the lien judicially declared and fixed was, under the circumstances, for reasons above stated, without avail.

The proceeding before the commissioner of accounts was irregular because of his failure to give notice to creditors as required by Code, 44-2-2.

Another matter cannot be overlooked. The commissioner of accounts to whom the estate of Judson T. Hodges, deceased, was referred for settlement is an attorney at law, not appearing as counsel on the writ of error in this court. After he had made up and filed his report and the matter had gone by appeal from the county court to the circuit court, the commissioner appeared in the latter court as attorney for the executor of the Hodges estate in resistance of the plaintiffs' claim. Such practice is wrong and must be unequivocally disapproved. An attorney must not attempt to act successively both as a commissioner and as an advocate in respect of the same matter. Such unethical conduct was deprecated and reproached in *Shew* v. *Prince*, 119 W. Va. 524, 194 S. E. 345.

For reasons set forth we reverse the judgment of the circuit court and remand the case.

*Reversed and remanded.*