STATE *ex rel.* ARLE THORN

*v.*

EDWARD T. LUFF, *Judge, etc.*, PAUL B. WARE, *et al., etc.*

(No. 12931)

Submitted May 20, 1970.          Decided June 30, 1970.

Dissenting Opinion July 13, 1970.

*Franklin W. Kern, C. R. Nutter,* for relator.

*Steptoe & Johnson, Willis O. Shay,* for respondents.

*James C. West, Jr.,* for amicus curiae.

BERRY, JUDGE:

In this original prohibition proceeding instituted in this Court, the petitioner, Arle Thorn, seeks a writ to prohibit the Honorable Edward T. Luff, Judge of the Circuit Court of Barbour County, West Virginia, from proceeding further in an injunction proceeding instituted in the Circuit Court of Barbour County by Paul B. Ware, John A. Mosesso, Caton N. Hill, James H. Ware and Lynne Rexroad, individually and as members of the Barbour County Bar Association, to enjoin the petitioner herein from acting as Commissioner of Accounts for the County Court of Barbour County after having been duly appointed as such Commissioner of Accounts by the County Court of Barbour County on February 2, 1970. A rule was issued on March 2, 1970, returnable April 28, 1970, and then continued until May 19, 1970, at which time the case was submitted for decision by this Court on arguments and briefs by the petitioner and respondents as well as an amicus curiae brief filed by the Committee on Unlawful Practice of Law of the West Virginia State Bar, it having moved for leave to file such brief and such leave having been granted.

The petitioner, Arle Thorn, was appointed as Commissioner of Accounts in Barbour County by the County Court of Barbour County on February 2, 1970, to replace E. Wayne Talbott, an attorney at law, who had held the office of Commissioner of Accounts in that county. Immediately after the appointment of the petitioner a representative of the Barbour County Bar Association appeared before the County Court and protested the appointment of a layman to the office of Commissioner of Accounts. On February 3, 1970, the active members of the Barbour County Bar Association, who are also respondents in this proceeding, instituted the injunction proceeding in the Circuit Court of Barbour County against the petitioner herein seeking to enjoin him from acting as Commissioner of Accounts and stating that Lynne Rexroad, a member of the local bar, would accept the position.

A temporary injunction was issued by the Circuit Court and the matter was set for hearing on February 10, 1970, at which time the petitioner moved to dismiss the injunction on

the ground that the Circuit Court had no jurisdiction to hear the matter and that a proper bond had not been given. On motion of the plaintiffs in the injunction proceeding, which was objected to by the petitioner, the matter was continued until February 24, 1970, and apparently a proper bond was given. The petition for prohibition was filed in this Court on the same day to which the injunction proceeding was continued in the Circuit Court, and it stated that the Circuit Court did not have jurisdiction in the injunction proceeding because the appointment of the petitioner as Commissioner of Accounts was authorized by law to be made by the County Court and that no qualifications were required by the statute or otherwise, and that consequently the matter could not be inquired into by the Circuit Court.

A motion to dismiss the petition for a writ of prohibition was filed by the respondents which asserted that the Circuit Court had inherent power to review the appointments of the County Court for the office of Commissioner of Accounts to determine whether or not such appointee was qualified to hold said office. An answer was also filed by the respondents to the same effect.

It is contended by the respondents and the brief filed by the Committee on Unlawful Practice of Law by the West Virginia State Bar that the statutory provisions creating and outlining the duties of Commissioners of Accounts require that any person holding such office must engage in activities constituting the practice of law, and that regardless of the failure of the legislature to specify a license to practice law as being a qualification to hold such office, such qualification is implicit in the statute.

The sole issue, therefore, in this proceeding is whether or not a Commissioner of Accounts is engaged in the practice of law in the performance of his duties as such. If the performance of such duties as Commissioner of Accounts constitutes the practice of law, then a layman could not be appointed to such office because the performance of such duties would amount to the unauthorized practice of law which it is prohibited for any layman to engage in, and a court of equity has

jurisdiction to enjoin such practice. *West Virginia State Bar v. Earley,* 144 W.Va. 504, 109 S.E.2d 420. This is clearly stated in the first syllabus point in the *Earley* case in the following language: "A court of equity has jurisdiction to prevent by injunction the unlawful practice of law by a layman when such relief is sought by attorneys at law acting for themselves and other affected members of the legal profession or by a duly constituted and recognized bar association."

However, if the duties of a Commissioner of Accounts do not involve the practice of law the appointment of a layman as such Commissioner rests exclusively with the County Court of Barbour County. Code, 44-3-1, as amended. Therefore, even though the Circuit Court has jurisdiction in injunction proceedings, it would exceed its legitimate power in interfering by enjoining and thus indirectly supervising the appointing of a Commissioner of Accounts authorized under the statute to be appointed by the County Court. *State ex rel. Linger v. County Court of Upshur County,* 150 W.Va. 207, 144 S.E.2d 689; *State ex rel. St. Clair v. Marinari,* 150 W.Va. 373, 145 S.E.2d 464; *State ex rel. State Road Commission v. Taylor,* 151 W.Va. 535, 153 S.E.2d 531. This principle is adequately stated in the case of *State ex rel. State Road Commission v. Taylor,* 151 W.Va. 535, 153 S.E.2d 531, point 2 of the syllabus, wherein it is stated: "Although a court has jurisdiction of the subject matter in controversy and of the parties, if it clearly appears that in the conduct of the case it has exceeded its legitimate powers with respect to some pertinent question a writ of prohibition will lie to prevent such abuse of power." It was also held in the case of *State ex rel. Linger v. County Court of Upshur County,* 150 W.Va. 207, 144 S.E.2d 689, that a prohibition proceeding against the county court in connection with appointments made by such court constitutes a collateral attack upon appointments authorized to be made by the county court. Code, 44-3-1, as amended, provides for the appointment of Commissioners of Accounts, but imposes no qualifications for the office.

It is the contention of the State Bar that the provisions of Code, 44-3-7, requiring the Commissioner of Accounts to advise

the county court on the law with regard to matters referred to the Commissioner, require a Commissioner of Accounts to engage in the practice of law by virtue of this section. When the Code of West Virginia was revised and the 1931 Official Code of West Virginia was adopted by the legislature the revisers' note to section 7 states that the section is new and the purpose was to furnish a means of handling controverted matters in the county court by an officer trained in the law. However, the legislative note to said section states that modifications were made in this section in conformity with the change mentioned in the legislative note to section 1 of this article. The revisers' note to section 1 (44-3-1) provides for one commissioner instead of four and requires him to be a lawyer of certain qualifications. The legislative note when the section was approved and adopted by the legislature reads as follows:

"The provisions for one commissioner of accounts and necessary assistants and the qualifications therefor, in this article as reported by the revisers, are eliminated, and the provision in §6, c.87, Code 1923, for the appointment of not more than four commissioners is retained. In conformity therewith changes are made in this chapter wherever necessary to make the procedure provided by the revisers conform to such provision for the appointment of four commissioners."

It therefore clearly appears that the legislature did not intend for a Commissioner of Accounts to be a lawyer.

It is true, as contended in the State Bar's brief, that the judicial branch of the government has the inherent power to define, regulate and control the practice of law and the legislature cannot restrict or impair this power. This principle is clearly stated in the seventh point of the syllabus in the case of *West Virginia State Bar v. Earley,* 144 W.Va. 504, 109 S.E.2d 420, in the following language: "The judicial department of the government has the inherent power to define, supervise, regulate and control the practice of law and the Legislature can not restrict or impair this power of the courts or permit or authorize laymen to engage in the practice of law." However, this Court has already held that there are no

qualifications for a Commissioner of Accounts. *State ex rel. Archer v. County Court of Wirt County,* 150 W.Va. 260, 262, 144 S.E.2d 791.

It has been held by this Court that a Commissioner of Accounts acts in a judicial capacity and as such he is prohibited from practicing law in a matter which had been before him as Commissioner. *Shew v. Prince,* 119 W.Va. 524, 194 S.E. 345; *Young v. Hodges,* 121 W.Va. 280, 3 S.E.2d 219. These cases involve attorneys who were acting as Commissioners of Accounts and in effect hold that they are prohibited from practicing law in connection with any matters handled by them as Commissioners of Accounts and would be guilty of unethical conduct if they did so. Code, 44-3-4, as amended, provides that a Commissioner of Accounts is not qualified to act in or pass upon any matter before him in which if he were a judge of the circuit court and such matter was pending before him he would be disqualified to serve. Code, 51-2-8, disqualifies a circuit judge for various reasons, such as any interest in a proceeding or a relationship to the party, and, of course, all judges of courts of record are prohibited from practicing law.

The Legal Ethics Committee of the West Virginia State Bar has held in several advisory opinions that the duties performed by a Commissioner of Accounts are not those of practicing law, that they are judicial duties, and that if a lawyer acts as a Commissioner of Accounts and practices law in the same matters he is guilty of unethical conduct. See Advisory Opinions Numbers 13, 30 and 39 of the Opinions of The Committee on Legal Ethics of The West Virginia State Bar, in a volume compiled by the Junior Bar division.

It was held in the case of *Riley v. Board of Commissioners of Ohio County,* 125 W.Va. 545, 25 S.E.2d 497, that strictly speaking Ohio County had no county court and that the county clerk of that county acts as the Ohio County Court of Probate. Until 1939 the clerk of Ohio County appointed Commissioners of Accounts but the legislature in 1939 vested the power in the Board of Commissioners who also have jurisdiction of police and fiscal matters. This confused situation in Ohio County is a carry-over from the years prior to the

1880's when West Virginia had county judges in the various counties who had, among other things, probate jurisdiction. The *Riley* case held that Commissioners of Accounts in Ohio County were entirely legislative officers and had no judicial powers. This case is rather confusing in relation to other cases dealing with Commissioners of Accounts in other counties. However, it may be said that although Commissioners of Accounts are creatures of the legislature and perhaps do not have judicial power they at least have judicial duties and only advise or report to the appointing authority. They do not and cannot represent or advise personal representatives and claimants who come before them in connection with their duties. The 1947 definition of the practice of law promulgated by this Court, referred to in the amicus curiae brief of the Committee on Unlawful Practice of the State Bar, refers to furnishing to another advice or service in connection with legal matters which is deemed practicing the law. However, the major portion of the definition clearly states that it means representing the interest of another before any judicial tribunal or officer and in connection therewith so advising such persons. A Commissioner of Accounts does not represent anybody before the county court. Such Commissioners merely advise and report to the court. The *Earley* case relied on by the respondents is entirely different. In that case laymen were advising and representing the interest of others before the Compensation Commissioner in connection with legal matters, and, of course, such act was held to be the unauthorized practice of law.

The question presented in this proceeding clearly illustrates, in the opinion of the writer, that the judicial system in this state needs to be reformed or modernized in connection with the probate matters handled in the various counties of the state.

For the reasons stated herein, the writ prayed for is granted.

*Writ granted.*

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent. I agree with the Court's decision that one need not be a lawyer in order to be eligible to hold a position as commissioner of accounts.

The majority opinion pinpoints the question presented for decision in this prohibition proceeding as follows: "The sole issue, therefore, in this proceeding is whether or not a Commissioner of Accounts is engaged in the practice of law in the performance of his duties as such." The circuit court had at least as much jurisdiction and power to proceed to a final decision of that question in the injunction proceeding as does this Court in the exercise of its original jurisdiction in this proceeding in prohibition. It is my position, therefore, that the motion of the respondents to dismiss this prohibition proceeding should have been sustained.

The prayer of the petition in this case is that the judge of the circuit court be prohibited "from proceeding further in said action and from continuing to exceed the said Court's jurisdiction, * * *." I am unable to discern from the majority opinion upon what basis, or in what particular, the circuit court was proceeding without jurisdiction or in excess of its legitimate powers. The clear jurisdiction of the circuit court embraced the right to decide incorrectly as well as correctly.

The circuit court is a constitutional court of general jurisdiction having inherent equity powers. "Every judge of a circuit court shall have general jurisdiction in awarding injunctions, * * *." Code, 1931, 53-5-4. The sole purpose of the injunction proceeding in the circuit court was to determine whether it was necessary that Arle Thorn be authorized to practice law in this state in order to be qualified to be lawfully appointed and to act as a commissioner of accounts.

The judge of the circuit court awarded a temporary injunction and proceeded diligently in his efforts to have a proper hearing and a decision of the case on its merits. It seems to me that the jurisdiction of the circuit court to

entertain the injunction proceeding and to decide the case on its merits is made abundantly clear by the first point of the syllabus in the case of *The West Virginia State Bar v. Earley*, 144 W.Va. 504, 109 S.E.2d 420, which is as follows:

> "A court of equity has jurisdiction to prevent by injunction the unlawful practice of law by a layman when such relief is sought by attorneys at law acting for themselves and other affected members of the legal profession or by a duly constituted and recognized bar association."

*State ex rel. Summerfield v. Maxwell*, 148 W.Va. 535, 135 S.E.2d 741, was an original proceeding in mandamus instituted in this Court by a lawyer, who was a candidate for the office of prosecuting attorney, to compel the ballot commissioners to omit from the primary election ballot as a candidate for prosecuting attorney the name of another person on the ground that such other person was not a lawyer and therefore was not eligible to be elected to the office of prosecuting attorney. This Court awarded the writ in conformity with the prayer of the mandamus petition. This case is additional authority for the proposition that a circuit court, in an appropriate proceeding, may adjudicate the question whether one must be a lawyer in order to be eligible to hold a certain public office or position. In the body of the opinion in the *Summerfield* case, (148 W.Va. 535 at 538, 135 S.E.2d 741 at 744), the Court stated: "* * * Section 12, Article VIII of the constitution provides in part that the circuit court shall have jurisdiction 'of all cases of habeas corpus, mandamus, quo warranto, and prohibition;'. Thus, it would appear that the circuit court of Fayette County and this Court have *concurrent jurisdiction* of a case such as this one." (Italics supplied.)

The jurisdiction of the circuit court in the injunction proceeding has been recognized in the brief filed in behalf of the West Virginia State Bar as follows: "The sole jurisdictional question presented is whether a Circuit Court has jurisdiction to determine whether a given activity constitutes the practice of law and to impose sanctions against a person found to be engaging in or threatening to engage in such activity. This

question was clearly and succinctly answered by this Court in *W. Va. State Bar v. Earley*, 144 W.Va. 504, 109 S.E.2d 420 (1959)."